# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 28,966**

**ANDREW ONTIVEROS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals from his conviction for driving under the influence of alcohol that was entered pursuant to a guilty plea under which Defendant reserved the

right to appeal the denial of his motion to suppress. [RP 18-19] In this Court's notice of proposed summary disposition, we proposed to affirm because we proposed to hold that the officer's act of asking Defendant to get out of his vehicle did not expand the scope of the stop under the facts of this case and that even if it did expand the scope of the stop, it was reasonable. Defendant has responded with a memorandum in opposition that this Court has considered. As we are not persuaded by Defendant's arguments, we now affirm.

Defendant contends that the magistrate court erred in denying his motion to suppress evidence obtained during a traffic stop. [DS 1-2] Defendant argues that the evidence should have been suppressed because the officer expanded the scope of the traffic stop in violation of Defendant's constitutional right to be free from unreasonable searches and seizures. [DS 2-3] The legality of a search or seizure challenged in a suppression hearing is "generally tested as a mixed question of law and fact wherein we review any factual questions under a substantial evidence standard and we review the application of law to the facts de novo." *State v. Baca*, 2004-NMCA-049, ¶ 11, 135 N.M. 490, 90 P.3d 509.

A police officer making a lawful stop is generally only authorized to "conduct an investigation reasonably related to the circumstances that gave rise to the officer's reasons for the stop," absent additional facts providing reasonable suspicion that a

crime other than the one on which the stop is based has been or is being committed. *State v. Williamson*, 2000-NMCA-068, ¶ 8, 129 N.M. 387, 9 P.3d 70.

> [W]hen considering whether a detention is reasonably related in scope to the circumstances of the case, a reviewing court must consider whether the officer's subsequent actions were fairly responsive to the emerging tableau—the circumstances originally warranting the stop, informed by what occurred, and what the officer learned, as the stop progressed.

*State v. Funderburg*, 2008-NMSC-026, ¶ 27, 144 N.M. 37, 183 P.3d 922 (internal quotation marks and citation omitted).

In the magistrate court, Defendant asserted that the traffic stop in this case was valid only insofar as it was based on the observation that Defendant violated a traffic law when his vehicle crossed a lane divider. [DS 1] We note that the officer testified that the combination of Defendant's traffic violation and his failure to immediately pull over led the officer to believe that Defendant might have been intoxicated and that the State argued that the proper scope of the stop should be defined by the officer's reasonable suspicion that Defendant was intoxicated. [MIO 1-2, 3] We need not decide whether the officer had a reasonable suspicion that Defendant was driving while intoxicated such that the traffic stop was justified on that basis, because we conclude that even if the officer only had a reasonable suspicion that Defendant violated a traffic law, the officer's act of asking Defendant to step out of the vehicle was reasonable under the circumstances.

3

Defendant has provided this Court with no authority for the proposition that merely asking a driver to exit the vehicle for questioning about a traffic violation is itself an improper expansion of the traffic stop, and we therefore assume that there is none. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). The officer was permitted to ask Defendant for his license and registration and to question him about the traffic violation. *See State v. Lowe*, 2004-NMCA-054, ¶ 12, 135 N.M. 520, 90 P.3d 539. Whether this brief investigation was conducted while Defendant was outside the vehicle or inside the vehicle does not seem to be of constitutional import. Therefore, we hold that the officer's request did not expand the scope of the stop.

Furthermore, even if the officer's request did expand the scope of the stop, since it might allow the officer to better observe whether a person's balance and coordination was impaired—matters that are not within the scope of an investigation of the traffic violation at issue, we would nonetheless hold that the officer's conduct was reasonable under the facts of this case and that, therefore, Defendant was not entitled to have the evidence suppressed. *See Baca*, 2004-NMCA-049, ¶ 21 ("The touchstone of the Fourth Amendment is reasonableness." (internal quotation marks and citation omitted)). It appears that the officer testified that after he observed Defendant's traffic violation, he turned on his emergency lights. [RP 81] Defendant

4

did not immediately pull over, however, and instead drove for a period of time that the officer considered to be longer than normal. [RP 81] When Defendant did pull off the roadway, he pulled into a Burger King and, rather than stopping in the parking lot, he drove into the drive-through lane as if he was going to order food. [RP 81] The officer followed him and asked Defendant to step out of the vehicle. [RP 81]

The officer testified that he did so because he believed Defendant's behavior of pulling into a drive-through lane of a restaurant to be unusual under the circumstances and because the officer did not feel safe placing himself between other vehicles in the drive-through line in order to question Defendant about the traffic violation. [RP 81-82] Defendant's failure to pull over promptly and then his act of trying to go through the drive-through also led the officer to be concerned that Defendant might simply try to drive away if the officer permitted him to stay in his vehicle. [RP 82] We therefore hold that even if the act of asking Defendant to step out of his car gave rise to the possibility that the officer would obtain evidence of a crime that he would not otherwise have had evidence of, the fact that asking Defendant to get out of the vehicle was a de minimus intrusion combined with the State's significant interest in protecting its officers renders the brief expansion of the scope of the detention reasonable. *See State v. Robbs*, 2006-NMCA-061, ¶ 21, 139 N.M. 569, 136 P.3d 570 ("There are several factors that must be considered when we

5

determine whether the scope of an investigatory stop is permissible: the government's justification for the detention, the character of the intrusion on the individual, the diligence of the police in conducting the investigation, and the length of the detention.").

Although the officer eventually asked Defendant if he had had anything to drink, he did not do so until after Defendant approached him and the officer smelled alcohol on Defendant's person. [DS 1; MIO 2] At that point, the question was based on a reasonable suspicion that Defendant might have been driving while intoxicated, since Defendant smelled of alcohol, violated a traffic law, and behaved so unusually when he was signaled to pull over.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm the denial of Defendant's motion to suppress.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**