**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MARY PATRICIA HYNOSKI,**

**Plaintiff-Appellant,**

v.                                                                                  **NO. 29,434**

**JOHN C. HARMSTON, M.D., P.C. and**
**LEA REGIONAL HOSPITAL, LLC.,**
**d/b/a LEA REGIONAL MEDICAL CENTER,**

**Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Mary Patricia Hynoski

Pro Se Appellant

Atwood, Malone, Turner & Sabin, P.A.
Carla Neusch Wiliams
Roswell, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff is appealing, pro se, from a district court order of summary judgment in favor of Defendants on her pro se civil suit alleging medical malpractice. We issued a calendar notice proposing to affirm, and Plaintiff has responded with a memorandum in opposition. We affirm.

"Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). When a party makes a prima facie showing of summary judgment, the burden shifts to the party opposing the motion to come forward with specific material facts that would make a trial necessary. *Id.* at 334-35, 825 P.2d at 1244-45. We look to the whole record to see if a material fact issue exists. *Id.* at 335, 825 P.2d at 1245.

Here, Plaintiff's memorandum in opposition is adamant that the district court erred in granting summary judgment. However, notwithstanding her belief as to the merits of the litigation, we are not persuaded that our calendar notice was incorrect in its legal and factual analysis. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Plaintiff's complaint alleged that Dr. Harmston committed medical malpractice and engaged in fraudulent concealment of medical opinion, and also alleged that Hospital Defendants were vicariously liable for the actions of Dr. Harmston, and independently liable for negligent credentialing. [RP 1] With respect to the allegations of medical malpractice, which were primarily directed at the medical treatment of Plaintiff's left wrist in 2004 [RP 3-6], Defendants' motion for summary judgment relied on Dr. Harmston's affidavit stating that proper medical care was rendered. [RP

93-94, 143] Plaintiff's memorandum in opposition argues that it is obvious that malpractice occurred. [MIO 3] However, in a medical malpractice case, a plaintiff is required to rebut expert opinion evidence with respect to an essential element of the claim. *See Blauwkamp v. Univ. of New Mexico Hosp.*, 114 N.M. 228, 232, 836 P.2d 1249, 1253 (Ct. App. 1992). To the extent that Plaintiff believed that the affidavit was not credible, this did not relieve her of the obligation to come forward with an expert. Because Plaintiff's response to the motion for summary judgment [RP 289] did not include an affidavit from an expert, we conclude that summary judgment was appropriate on the medical malpractice claim.

With respect to Plaintiff's claim that Dr. Harmston should have provided favorable testimony in her 1997 lawsuit against Wild Oats [RP 6], Plaintiff has not provided any legal authority for imposing a duty to testify under these circumstances. *See Calkins v. Cox Estates*, 110 N.M. 59, 62, 792 P.2d 36, 39 (1990) (noting that the recognition of a duty in any given situation is essentially a legal policy determination that the plaintiff's injured interests are entitled to protection.); *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (where a party cites no authority to support an argument, we may assume no such authority exists). In addition, as noted by Defendants [RP 92-93], any claims arising out of events relating to the 1997 lawsuit are barred by the statute of limitations, and we do not believe that the limitations period should be tolled as to these Defendants because Dr. Harmston was available to Plaintiff's counsel at that time and the alleged information could have

3

been discovered through due diligence. *See* NMSA 1978, § 37-1-8 (1976); *Roberts v. Southwest Community Health Servs.*, 114 N.M. 248, 257, 837 P.2d 442, 451 (1992) (holding that "the cause of action accrues when the plaintiff knows or with reasonable diligence should have known of the injury and its cause").

Finally, because Plaintiff's independent and vicarious liability claims against the Hospital Defendants are predicated on assertions of negligence involving Dr. Harmston [RP 14-16], it follows that summary judgment was proper on these claims as well.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**ROBERT E. ROBLES, Judge**