This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **NO. 28,680**

**SHAUN S.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**GARCIA, Judge.**

Shaun S. (Child) appeals from his conditional plea of guilty for conspiracy to commit residential burglary after the children's court division of the district court denied his motion to suppress. We affirm.

**BACKGROUND**

On September 25, 2007, Deputy Scott went to Child's home after the department received a call from Child's father. Child's father informed the officer that he did not want Child in his home. Deputy Scott then took Child to a crisis shelter.

The following day while on patrol, Deputy Nyce was called to the scene of a residential burglary. As part of his investigation of the burglary, Deputy Nyce went to the shelter about 8:00 a.m. to speak with Child. Prior to talking with Child, Deputy Nyce advised Child of his constitutional rights. Child then initialed each section of and signed a written waiver of those rights. At that time, Child denied involvement in the burglary. Deputy Nyce left the shelter and continued his investigation. About an hour later, Deputy Nyce returned to the shelter and again spoke with Child. Deputy Nyce did not re-advise Child about his rights at the second interview. At that time, Child confessed in a formal statement to involvement in the burglary. Although Deputy Nyce attempted to record his conversations with Child, the interviews were not successfully recorded by his equipment. Deputy Nyce explained that he thought

the interviews were being recorded because he manually activated the recording device in his car. Deputy Nyce did not realize that the interviews were not recorded until an attorney informed him prior to the suppression hearing that there was no recording of the interviews. Deputy Nyce further stated that he knew the law and was trying to comply with the law requiring recordings.

Child moved to suppress his confession on the basis that Deputy Nyce failed to record the interview in compliance with NMSA 1978, Section 29-1-16(A) (2006). At the subsequent suppression hearing, the parties also discussed the effect of the one-hour delay between the interviews. The district court denied Child's motion to suppress, finding that Child was not in custody during the interviews and that he was read his constitutional rights and waived those rights. The court further found that Deputy Nyce attempted to comply with the electronic recording requirements of Section 29-1-16(A). Subsequent to the denial, Child entered into a conditional plea agreement, admitted guilt to one count of conspiracy to commit residential burglary and reserved his right to appeal the denial of his suppression motion. This appeal followed Child's plea agreement.

**DISCUSSION**

**Standard of Review**

"The standard of review for suppression rulings is whether the law was

correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted).

**No Error in Denying Motion to Suppress**

Child argues that the district court erred because there were no facts demonstrating that he knowingly, voluntarily, and intelligently waived his constitutional rights before eventually giving his confession to Deputy Nyce. See NMSA 1978, § 32A-2-14(D) (2003) (amended 2009) (stating that the state "shall prove that the statement or confession offered in evidence was elicited only after a knowing, intelligent and voluntary waiver of the child's constitutional rights was obtained"). Specifically, Child argues that the district court's ruling was insufficient because the record does not demonstrate that the court considered the Section 32A-2-14(E) factors. *See id.* (listing factors for the court to consider in determining whether a child knowingly, intelligently, and voluntarily waived the child's rights).

Whether Child knowingly, voluntarily, and intelligently waived his rights based on the factors outlined in Section 32A-2-14(E) was not raised by Child at the suppression hearing. Child never asked the court to review the factors listed in Section 32A-2-14(E) and make a determination as to the validity of the waiver on those grounds. Child never contested the State's evidence that he knowingly,

4

voluntarily, and intelligently waived his rights during the first interview. Since the district court did not have an opportunity to rule on the issues now raised, we will not review Child's argument on appeal. *See* Rule 12-216 NMRA (stating that in order to preserve a question for appellate review, "it must appear that a ruling or decision by the district court was fairly invoked"); *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 ("In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." (internal quotation marks and citation omitted)).

Child next appears to argue that his confession should be suppressed because he was not re-advised of his constitutional rights prior to being asked further questions by Deputy Nyce one hour later. At the suppression hearing, there was a lengthy discussion regarding the delay between the interviews. The district court ultimately found that Child was advised of his rights and waived his rights prior to confessing to the burglary. The conclusion that Deputy Nyce was not required to re-advise Child of his rights prior to recommencing the interview is implicit in the court's ruling. On appeal, Child does not present authority disputing the correctness of the court's conclusion. In fact, Child acknowledges that warnings regarding constitutional rights do not necessarily have to be given after each break in the interview process. *See*

*State v. Gilbert*, 98 N.M. 530, 533, 650 P.2d 814, 818 (1982) (holding that a second full and fresh *Miranda* warning was unnecessary after a one-hour break in questioning when the defendant was fully aware of his rights); *see also United States v. Frankson*, 83 F.3d 79, 83 (4th Cir. 1996) (holding a two and one-half hour delay between *Miranda* warning and interrogation did not compromise the initial warning). We will not conclude that the district court's conclusions were in error. *See* Rule 12-213(A)(4) NMRA (stating that appellate arguments shall contain citations to applicable New Mexico decisions); *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that an appellate court will not consider issues unsupported by authority).

Child's final argument is as follows: "Under the criteria set forth in Section 29-1-16, both of Deputy Nyce's custodial interrogations of [Child] were required to be electronically recorded and no good cause was shown as to why neither interrogation was recorded." The premise of Child's argument is that he was subjected to two custodial interrogations, thereby triggering compliance with the electronic recording requirements of Section 29-1-16. However, the district court found that Child was not in custody as required to apply Section 29-1-16 and was interviewed during investigatory detentions. Other than general assertions, Child presents no argument or authority challenging the district court's finding regarding the investigatory

detentions. *See* Rule 12-213(A)(4); *In re Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330. In addition, Child presents no authority that investigatory detentions entitle a child to the same protection afforded during a custodial interrogation. Since the premise of Child's argument is based upon a custodial interrogation and is not supported by the facts, Child's argument relying upon a custodial interrogation under Section 29-1-16 is not properly before this Court. Again, we decline to address the argument.

**CONCLUSION**

We affirm the district court's decision denying Child's motion to suppress.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**