This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LINDA R. GHAFFARI, ALI M. GHAFFARI, SR., M.D., BLUE AND RED BIRD CORPORATION, P.C., a New Mexico Corporation and RENAISSANCE LABOR MANAGEMENT, INC., a New Mexico Corporation,**

Plaintiffs-Appellees,

**v.**                                                              No. 29,917

**ROBERT JOHN "ROCKY" BENARD, SARAH BENARD, ROCK RANCHES, INC., MARY WANDA ROBERTS REED, a/k/a WANDA REED, MARY WANDA ROBERTS REED REVOCABLE TRUST, STATE OF NEW MEXICO (TAXATION AND REVENUE DEPARTMENT), UNITED STATES OF AMERICA, and all other unknown Claimants,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Judge**

Mark S. Sweetman
Clovis, NM

for Appellees

Eric D. Dixon
Portales, NM

for Appellants

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendants appeal from the district court's order denying Defendants' motion to set aside default judgment. This Court issued a calendar notice proposing to dismiss Defendants' appeal for lack of a final order. Defendants have filed a memorandum in opposition to this Court's proposed disposition. Having given due consideration to Defendants' arguments, we dismiss.

In this Court's calendar notice, we pointed out that "our appellate jurisdiction is limited to review of any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights." *Capco Acquisub, Inc v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 149 P.3d 1017 (filed 2006) (alteration omitted) (internal quotation marks and citation omitted). We noted that, generally, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the district court to the fullest extent possible. *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992).

We also pointed out that Defendants had filed a counterclaim for malicious abuse of process which appeared to still be pending. We noted that Rule 1-054(B)(1) NMRA provides that "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon the express determination that there is no just reason for delay." Thus, this Court proposed to dismiss for lack of a final order because the counterclaim appeared to still be pending and because the district court's order did not contain the certification language required by Rule 1-054(B)(1).

Defendants have responded to this Court's proposed disposition by arguing that the district court order denying their motion to set aside the default judgment disposed of their counterclaim by not allowing Defendants to plead at all. [MIO 2-3] We understand Defendants to argue that by denying their motion to set aside the default judgment the district court rejected their counterclaim. Defendant cites no authority for the proposition that by rejecting Defendants' motion, the district court automatically struck Defendants' counterclaim. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists); *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have

repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Moreover, Plaintiffs did not move to strike the answer and counterclaim. Instead, Plaintiffs filed an answer to the counterclaim. Thus, the parties treated this matter as though it was a live controversy before the district court. We therefore conclude that the counterclaim was before the district court at the time it entered its order refusing to set aside the default judgment. The district court order fails to address the counterclaim and does not explicitly strike the answer or counterclaim. Thus, in the absence of certification language pursuant to Rule 1-054(B)(1) the district court's order is non-final. We note, however, that Defendants may appeal the district court's denial of their motion to set aside the default judgment after the district court either (1) addresses the merits of Defendants' counterclaim, (2) dismisses or strikes the counterclaim, or (3) enters an order stating that there is no just reason for delay pursuant to Rule 1-054(B)(1).

For the reasons stated in this opinion and in this Court's notice of proposed disposition, we dismiss Defendants' appeal for lack of a final order.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

4

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**


_____
**CELIA FOY CASTILLO, Judge**