This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                          **NO. 30,637**

**ANTONIO MARTINEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr Law Office LLC
Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant contends that his convictions for attempted second degree murder and shooting from a motor vehicle violated double jeopardy principles because his conduct was unitary. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement to add additional facts relevant to the double jeopardy issue. Because we will consider additional facts in support of an issue originally raised in the docketing statement without requiring an amendment to the docketing statement, we deny the motion as unnecessary. Because we are not persuaded by the arguments in Defendant's memorandum, we affirm.

In our notice of proposed summary disposition, we stated that even if Defendant could demonstrate that he established an adequate factual record and that, based on that record, his conduct was unitary, we would nevertheless affirm. We relied on *State v. Mireles*, 2004-NMCA-100, ¶¶ 29-30, 136 N.M. 337, 98 P.3d 727, which stated that the Legislature intended to provide multiple punishments for the offenses of second degree murder and shooting into or from a vehicle such that convictions for both offenses was not a violation of double jeopardy even if the underlying conduct was unitary. *See also State v. Gonzales*, 113 N.M. 221, 225, 824 P.2d 1023, 1027 (1992) (holding that the Legislature intended separate punishments for unitary conduct

that violates both the first-degree murder statute and the statute proscribing shooting from or into an occupied motor vehicle). We said that Defendant's docketing statement did not persuade us that the fact that Defendant was convicted of an attempt to commit second degree murder, rather than second degree murder, should change our analysis.

In Defendant's memorandum in opposition, he argues that *Mireles* and *Gonzales* are factually distinguishable. [MIO 9] This is true, but it is not relevant to the question of the Legislature's intent in drafting the statutes at issue. Defendant further argues that an attempt to commit second degree murder is not the same as second degree murder. [MIO 9-11] This is also true, but we do not believe that this fact undermines the application of *Mireles* and *Gonzales* to this case. Defendant provides no authority from this or any other jurisdiction to support his argument that attempt crimes should be treated differently from completed crimes for double jeopardy purposes, and he provides no authority from this or any other jurisdiction to support his argument that the Legislature did not intend that attempted second degree murder would be punished separately from the offense of shooting at or from a motor vehicle. We therefore assume that no such authority exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

Furthermore, in *Mireles*, we based our conclusion on the fact that each statute

3

required proof of an element that the other does not require, and on a conclusion that the two statutes are intended to punish different social evils—in the case of second degree murder, the evil of the unlawful killing of people, and in the case of shooting at or from a motor vehicle, the effort to terrorize others, the property damage, and the personal injury that may be caused by gunfire from a motor vehicle. 2004-NMCA-100, ¶¶ 29-30. We conclude that these considerations apply equally to attempted second degree murder and shooting at or from a motor vehicle, since each contains an element that the other does not, and since attempted second degree murder is intended to specifically punish efforts to unlawfully kill people, and the shooting at or from a motor vehicle statute is intended to punish the effort to terrorize, the property damage, and the personal injury that may be caused by gunfire directed at or from a motor vehicle.

Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____

4

**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**