This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellant,

v.                                                                    **NO. 30,504**

**LAWRENCE LOPEZ,**

   Defendant-Appellee.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellee


## MEMORANDUM OPINION

**CASTILLO, Judge.**

The State appeals an order dismissing the charges against Defendant based on a speedy trial violation. In this Court's notice of proposed summary disposition, we proposed to reverse. Defendant has responded with a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we reverse the district court's order.

In our notice of proposed summary disposition, we proposed to agree with the district court that the first three speedy trial factors weighed in favor of Defendant. However, we proposed to hold that Defendant's right to a speedy trial was not violated because Defendant had established neither actual prejudice nor that a showing of actual prejudice was unnecessary. *See State v. Garza*, 2009-NMSC-038, ¶ 39, 146 N.M. 499, 212 P.3d 387 (holding that generally a defendant must establish actual prejudice under the fourth speedy trial factor, and that he is only excused from doing so if he has asserted his right to a speedy trial and the factors of the length of the delay and the reasons for the delay weigh heavily in his favor).

In Defendant's memorandum in opposition, he asserts that he established actual prejudice and, in the alternative, that he need not have shown actual prejudice. As the basis for his claim of actual prejudice, Defendant asserts that his caseworker testified that Defendant would have been eligible for early parole on other charges had the

instant charges been timely resolved. [MIO 3] Defendant cites no authority from this or any other jurisdiction for the proposition that this type of parole eligibility constitutes actual prejudice, and we therefore assume that no such authority exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Furthermore, eligibility for parole does not mean that Defendant would have actually been paroled. *See Garza*, 2009-NMSC-038, ¶ 35 (stating that the mere possibility of prejudice is insufficient to establish actual prejudice due to pretrial incarceration). And even if Defendant was granted early parole, Defendant has not explained what benefit an earlier parole in a prior case would have provided him, since it appears that Defendant remained in custody pending trial in this case. To the degree that Defendant intends to suggest that the possibility that he might have been released early on parole in the prior case would have rendered his pretrial incarceration in this case unduly oppressive, this is too speculative to support a claim of actual prejudice. *See id.*

Defendant also asserts that he need not have shown actual prejudice because he asserted his right to a speedy trial and the length of the delay and the reasons for the delay weigh heavily in his favor. [MIO 3] Defendant focuses on the six-month delay that occurred while he was in the juvenile justice system but the State believed he had escaped. While we agree with Defendant that the reason for this portion of the delay

would weigh heavily against the State, Defendant has not disputed that four months of the delay weigh against him, and that another period of almost six months was due to delays caused by the court system, which weigh against the State, but not heavily. When viewed together, we do not believe that the reasons for the delay weigh so heavily against the State that Defendant was not required to establish actual prejudice. Even more importantly, as we stated in our notice of proposed summary disposition, the example given in *Garza* of the type of case in which actual prejudice need not be shown was one in which the delay was eight and a half years. *Id.* ¶ 38. As the delay in this case does not approach such length, we conclude that Defendant was required to show actual prejudice.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

4

_____

**RODERICK T. KENNEDY, Judge**