This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 31,391**

**ARIEL H.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Ariel H. (Child) appeals from the district court's revocation of her probation. Child raises two issues: (1) the revocation was not supported by substantial evidence, and (2) her commitment to the Youth, Diagnostic & Development Center (YDDC), rather than San Juan Detention Center (SJDC), violated her right to equal protection. This Court issued a calendar notice proposing to affirm the revocation of Child's probation and reverse and remand Child's equal protection claim. Child filed a memorandum in opposition and motion to amend the docketing statement, and the State filed a memorandum in partial opposition. To the extent Child moved to amend her docketing statement to argue that her equal-protection claim was not moot, we deny Child's motion to amend the docketing statement as we conclude that Child did not seek to raise a new issue, but merely asserted grounds for this Court to address an issue already raised. Concerning the issues raised on appeal, we affirm the district court's revocation of Child's probation, reverse the district court's ruling on Child's equal protection motion, and remand for further consideration consistent with this opinion.

**Sufficiency of the Evidence**

Child maintains that there is insufficient evidence to support the district court's determination that she willfully violated her probation. In this Court's calendar notice, we proposed to affirm the revocation of Child's probation based on testimony

2

that Child had refused to return to her aunt and uncle's house when asked to do so [RP 118-19], and Child had testified that she knew she was violating her probation but wanted to stay with her grandparents and mother one more day. [RP 119]

Child does not dispute this testimony. Instead, Child relies on this Court's opinion in *In re Bruno R.*, 2003-NMCA-057, ¶ 12, 133 N.M. 566, 66 P.3d 339, to argue that Child's mother, not Child, violated Child's probation agreement by "allowing her daughter to refuse to return to her aunt and uncle's home." [MIO 6] This argument is unavailing. In *Bruno R.*, we held that the State had failed to demonstrate that the child acted willfully in violating his probation where the child's mother had decided that the child would accompany her to a funeral out of state. *Id.* ¶¶ 5, 10. The present case is distinguishable, in that Child does not dispute that she made the decision to stay, even though she knew that she was violating her probation, and that the adults around her complied with her decision. As a result, we conclude that the evidence detailed above is sufficient to support the district court's determination that Child acted willfully. We therefore affirm the district court's revocation of Child's probation.

**Equal Protection**

Child contends that her right to equal protection was violated when the district court committed her to YDDC. This Court issued a calendar notice proposing to

reverse and remand for further consideration of this issue. Specifically, we proposed to conclude that Child had met her burden of demonstrating that the state had drawn a classification that discriminates against a group of persons to which the party raising the claim belongs. *See Garcia v. LaFarge*, 119 N.M. 532, 537, 893 P.2d 428, 433 (1995). We noted that, once this showing is made, the burdens shifts to the state "to prove the constitutionality of the legislation" or policy. *See Breen v. Carlsbad Mun. Schs.*, 2005-NMSC-028, ¶ 13, 138 N.M. 331, 120 P.3d 413.

Here, Child asserted that the State permitted juveniles to be committed at SJDC only if they were male, and therefore the State discriminated on the basis of gender. In this Court's calendar notice, we suggested that this was sufficient to shift the burden to the State to respond with its justification for the discriminatory classification. However, the district court denied Child's motion before the State had an opportunity to respond. We therefore proposed to reverse the district court's denial of Child's motion for reconsideration and remand for further proceedings.

In response to our proposed disposition, the State contends that Child's appeal is moot because she has finished serving her short-term commitment. "A case is moot when no actual controversy exists, and the court cannot grant actual relief." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citations omitted). However, "[t]his Court may review moot cases that

4

present issues of (1) substantial public interest or (2) which are capable of repetition yet evading review." *Cobb v. N.M. State Canvassing Bd.*, 2006-NMSC-034, ¶ 14, 140 N.M. 77, 140 P.3d 498. This Court has previously reviewed a lower court determination in a juvenile delinquency case after the child's commitment period had already ended. *See State v. Sergio B.*, 2002-NMCA-070, 132 N.M. 375, 48 P.3d 764. In doing so, we stated that "[m]any children's court cases will involve short-term commitments of one year or less, which could expire before the case was fully briefed before this Court or our Supreme Court, and thus these issues would evade review unless this exception was invoked." *Id.* ¶ 11 (citations omitted). We therefore apply the exception to the mootness doctrine in the present case, and conclude that it is appropriate for this Court to entertain Child's appeal.

To the extent the State contends that Child did not satisfy her burden of demonstrating discrimination because she provided no evidence other than the argument of counsel, we disagree. First, we note that Child provided evidence other than the argument of counsel, which she attached to her motion for reconsideration. This evidence included newspaper articles about violence at YDDC and the acceptance guidelines for SJDC. The acceptance guidelines clearly indicate that SJDC only accepts males. Therefore, we conclude that Child met her burden of demonstrating that the state had drawn a classification that discriminates against a

group of persons to which she belongs. The State has not provided this Court with any authority to indicate that this showing is insufficient. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that where a party cites no authority to support an argument, we may assume no such authority exists). Consequently, we reject the State's argument.

Further, although the State contends that the district court did not have the authority to address Child's equal protection claim because the Children, Youth & Families Department (CYFD) is given the authority, by statute, to determine where an adjudicated delinquent will be placed during short-term commitment, this argument is unavailing. *See* NMSA 1978, § 32A-2-23(A) (2009). The district court's judgment and disposition specifically remands Child to the custody of YDDC. To the extent the State is arguing that Child's equal protection argument must be made in a separate civil proceeding, the State has provided no authority to support its argument. *See In re Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330.

Finally, to the extent the State contends that there is no record for this Court to review given the district court's dismissal of Child's motion without a response from the State or a hearing, this is the purpose of our remand. Accordingly, for the reasons stated above and contained in this Court's notice of proposed disposition, we reverse the district court's denial of Child's motion for reconsideration and remand for further

proceedings.  We further affirm the underlying revocation.


**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**