GARCIA, Judge (dissenting). {81} I respectfully dissent in this case. Although the circumstances in this case are unique, the fact remains Dr. Muncey failed to mitigate his damages regarding his conversion claim asserted in his amended complaint. As a result, Eyeglass World was entitled to a partial directed verdict at the end of Dr. Muncey’s case in chief. {82} Even viewing the facts in the light most favorable to Dr. Muncey, it was undisputed that, based on the advice of his attorney, Dr. Muncey failed to undertake any action to mitigate his damages for the conversion of his files. Majority Opinion ¶ 7. The timing of Dr. Muncey’s knowledge that his files were being copied and therefore converted by Eyeglass World is critical to the directed verdict analysis in this dissent. {83} It is undisputed that Dr. Muncey knew that Eyeglass World was copying his files for several weeks before Eyeglass World completed the copying process. As the majority has pointed out, Dr. Muncy became aware that the files were being copied in mid-June 2007 and the copying process was not finished until July 10,2007. Majority Opinion ¶¶ 6-7. As a result, Dr. Muncey’s duty to mitigate his damages arose in mid-June and lasted for several weeks, even though he chose to disregard this legal obligation based upon the advice of his attorney. {84} I shall address below whether the advice of an attorney provides a legal justification to avoid one’s duty to mitigate damages. I conclude that it does not. As a result, Dr. Muncey failed to present substantial evidence to establish the damages element of his conversion claim. Eyeglass World was entitled to a directed verdict prior to any jury deliberations on Dr. Muncey’s conversion claim. {85} It is undisputed that Dr. Muncey had the affirmative duty to mitigate his damages before he was entitled to recover under his claim of conversion. The jury was given UJI 13-860, the instruction on Eyeglass World’s mitigation of damages affirmative defense. Eyeglass World specifically requested this instruction. The instruction states: “[a] party may not recover as damages any cost or loss which he reasonably could have avoided.” UJI 13-860. As a result, the instruction became the law of the case and Dr. Muncey cannot now argue that mitigation of damages was inapplicable or improper with regard to his conversion claim. See Sandoval, 2009-NMCA-095, ¶ 43, (“The sufficiency of the evidence is measured against the jury instructions, because they become the law of the case.”); see also Atler, 2005-NMCA-006, ¶ 13, (“Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.” (internal quotation marks and citation omitted)). {86} Dr. Muncey argued thatthe initial act of copying the files constituted damages for an actionable conversion claim, irrespective of any subsequent use or defiance of his right of exclusive control. As such, Dr. Muncey asserted that the value of the files was destroyed the instant Eyeglass World copied them and, as a result, he was under no duty or obligation to mitigate his damages. Yet Dr. Muncey was aware that his files were being copied to his detriment several weeks before all of the files were copied and much of their corresponding value was actually destroyed. Majority Opinion ¶¶ 6-7. Dr. Muncey’s only explanation for this failure to act and avoid these continuing damages was that “I was advised not to go near that” and “I left them there at the advice of my attorney.” He also argued that “he had already taken action . . . by filing the lawsuit,” that “he wanted to proceed with caution, investigate and confirm the rumor,” and that “[his] failure to take immediate action [does not] justify Eyeglass World’s copying of those files without his permission^]” {87} In his brief to this Court, Dr. Muncey failed to even address the issue of his failure to act and mitigate any damages caused by the copying of the files. In addition, Dr. Muncey failed to provide any authority that would support his “advice of my attorney” justification that was offered at trial to establish the legal basis for his failure to take any action to mitigate his damages. See Pickett Ranch, LLC v. Curry, 2006-NMCA-082, ¶45, 140 N.M. 49, 139 P.3d 209 (stating that where no supporting authority for a proposition is cited, this Court may assume that no applicable or analogous authority exists); see also In re Adoption of Doe, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (noting that where a party cites no authority to support an argument, we may assume no such authority exists). {88} Independently, I was unable to discover any authority that would support Dr. Muncey’s position that a party can disregard its legal duties and obligations based upon the advice of its attorney. If such a justification were recognized, then any injured party could avoid its legal duty to mitigate damages by simply obtaining advice from an attorney that it should take no action. Dr. Muncey has also failed to provide us with any public policy that would support an advice of counsel exception as the recognized basis for avoiding one’s legal duty to mitigate damages. Id. As a result, Dr. Muncey failed as a matter of law to mitigate the conversion damages he claimed to have suffered from the copying of his files between mid-June 2007 and July 10, 2007. Because the burden to prove damages rested upon Dr. Muncey, there was insufficient evidence to prove the $300,000 in damages awarded for the conversion of his files. No other evidence was presented to establish a value of the limited portion of the files that were copied prior to mid-June 2007. The only evidence presented at trial to establish the $300,000 value for Dr. Muncey’s files was based upon the parties’ prior contractual negotiations to purchase all of these files for that amount. Without the required evidence, Dr. Muncey failed to meet his burden of proof, and the jury was improperly asked to speculate about his damages for the conversion of a limited portion of his files. See McGinnis v. Honeywell, Inc., 110 N.M. 1, 7, 791 P.2d 452, 458 (1990) (recognizing that where actual damages and mitigation of damages are concerned, a jury must not be asked to speculate on matters that should have been presented in the form of evidence). {89} In conclusion, I do not concur with the result reached by the majority in this case regarding Dr. Muncey’s conversion claim and the jury verdict rendered in his favor. The district court erred when it denied Eyeglass World’s motion for a directed verdict regarding Dr. Muncey’s conversion claim. TIMOTHY L. GARCIA, Judge