This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WILLIAM L. BEGGS and BOYSETTA BEGGS,**

Plaintiffs-Appellants,

v. NO. 32,724

**CLARAMAI HAYHURST,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Gary L. Clingman, District Judge**

Heidel, Samberson, Newell, Cox & McMahon
Patrick B. McMahon
Lovington, NM

for Appellants

Martin, Dugan & Martin
Wilfred T. Martin, Jr.
Carlsbad, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Plaintiffs, William L. Beggs and Boysetta Beggs, ("Buyers") appeal from the district court's judgment dismissing with prejudice their claims/causes of action against Defendant, Claramai Hayhurst, ("Seller"). [DS 1-2, RP Vol. III, 575] We issued a notice proposing to summarily reverse and Seller filed a memorandum in opposition. We continue to believe the district court erred in dismissing Buyers' claims and, accordingly, we reverse.

**BACKGROUND**

{2}     In their complaint, Buyers alleged that Seller made material representations regarding a working cattle ranch in Malaga, New Mexico, which Buyers detrimentally relied upon in entering into a purchase contract for the property. [RP Vol. I, 1] The alleged misrepresentations related to the carrying capacity of the property, the size of the property, and the average rainfall received by the property. [RP Vol. I, 1-3] Buyers asserted claims for fraud, negligent misrepresentation, breach of contract, rescission, reformation, and breach of the implied covenant of good faith and fair dealing. [RP Vol. I, 2-8] They sought to cancel or reform the contract and sought damages, costs, and attorney fees. [RP Vol. I, 3-8]

{3}     On March 11, 2008, Seller filed a motion to vacate trial, lift injunction, and proceed with a foreclosure action due to Buyers' failure to make a payment toward the purchase price due on January 15, 2008, and failure to properly maintain the ranch and

its improvements. [RP Vol. II, 236, 237] Seller argued that even if Buyers were entitled to reformation lowering the purchase price, they would still be in default of their payment obligation and Seller would be entitled to foreclose. [RP Vol. II, 239]

{4} The district court held a hearing on Seller's motion on March 19, 2008. [RP Vol. II, 288 ¶ 1, 326] At the hearing, the following exchange took place:

> THE COURT: I was going to ask, I don't know if you guys are walking away from this or there [are] further issues to be litigated. I could see potential going either way. So that's what I was wondering, have you determined what's going to happen yet?
>
> [BUYERS' COUNSEL]: It's my client's intention to proceed with some of the causes of action–I would address that–
>
> THE COURT: All right, okay.

{5} [DS 3-4] The district court entered an order on May 21, 2008, allowing Seller to proceed with contract termination due to Buyers' default. [RP Vol. II, 343] The district court found that Buyers were in default of their obligations, were given proper notice and time to cure the default, and failed to cure the default. [RP Vol. II, 344] The district court stated that it would set a status conference "to discuss and determine whether any further issues remain[ed] to be tried and determined," but a status conference was never held. [RP Vol. II, 344, DS 4] After this order, Buyers

voluntarily dismissed their claim for reformation, but they did not dismiss their other claims. [RP Vol. III, 516 n.2, DS 4]

{6} The case ultimately came before a different district court judge for trial on April 7, 2009. [RP Vol. III, 512, 515, 575] Prior to the commencement of trial, the district court *sua sponte* heard argument regarding whether the May 21, 2008 order disposed of all of Buyers' claims against Seller. [RP Vol. III, 575] The district court orally ruled that the May 21, 2008 order disposed of all of Buyers' claims because it represented the "law of the case" and because the district court had denied an earlier motion for summary judgment filed by Buyers. [RP Vol. III, 575, 524]

{7} On March 24, 2010, the district court entered a judgment dismissing Buyers' claims/cause of action with prejudice. [RP Vol. III, 575] Buyers appealed from this order and this Court issued a memorandum opinion dismissing the appeal for lack of a final order. [RP Vol. III, 580, 627]

{8} On January 9, 2013, Seller filed a motion to dismiss counterclaims. [RP Vol. III, 674] Buyers filed a response in which they did not object to the requested relief. [RP Vol. III, 679] The district court entered a stipulated order dismissing Seller's counterclaims on January 15, 2013. [RP Vol. III, 681] Buyers appeal from this order. [RP Vol. III, 684]

**DISCUSSION**

4

{9} In their docketing statement, Buyers argued the district court erred as a matter of law when it ruled that since a valid contract existed between Buyers and Seller, Buyers' claims for fraud, negligent misrepresentation, breach of contract, rescission, and breach of the implied covenant of good faith and fair dealing should be dismissed. [DS 11-12] In our notice, we proposed to conclude that the district court erred in concluding that Buyers cannot proceed with at least some of their claims against Seller, notwithstanding its ruling that Seller is entitled to foreclose.

{10} In her memorandum in opposition, Seller argues that Buyers cannot succeed on any of their claims in light of the district court's ruling that Seller is entitled to enforce the terms of the contract pursuant to the "law of the case" doctrine. While we agree with Seller that the May 21, 2008 order represents the law of the case, we see nothing in this order that indicates that the district court intended to dismiss all of Buyers' claims against Seller. On the contrary, the order reflects that the district court intended to hold a status conference "to discuss and determine whether any further issues remain[ed] to be tried and determined." [RP Vol. II, 344] The excerpt from the transcript of the hearing contained in the docketing statement reflects that the district court judge believed that there was "potential going either way" for "further issues to be litigated." [DS 3-4] And the parties' conduct following the hearing reflects that the parties believed there were issues remaining for trial. As noted previously, Buyers

voluntarily dismissed their reformation claim, but not their other claims, and both parties appeared for trial on April 7, 2009. Seller does not present any additional facts in her memorandum in opposition which suggest that the district court intended to dismiss all of Buyers' claims in its order dated May 21, 2008.

{11} Seller argues, as a legal matter, that the district court's ruling allowing Seller to proceed with contract termination necessarily resolved all of Buyers' claims against Seller (fraud, negligent misrepresentation, breach of contract, and rescission). We decline to consider, in the first instance, whether all of Buyers' claims remain viable. We note, at a minimum, that enforcement of the contract does not negate Buyers' claims for fraud and negligent misrepresentation.

{12} With respect to Buyers' claim for fraud, Seller argues that Buyers have "joined the action for fraud with an action for rescission" and thus, the two remedies that Buyer seeks—cancellation of the contract and monetary damages—"are inexorably intertwined." [MIO 6] Seller contends that because Buyers cannot rescind the contract, they cannot recover damages for fraud. [MIO 6] In support of this argument, Seller relies on a New York state case from 1938, which does not specifically support her position and, in any case, does not appear to have been cited outside of New York. [MIO 6] In New Mexico, a party can pursue alternative claims for relief. *See* Rule 1-008(A)(3) NMRA (stating, with respect to pleading, that

"[r]elief in the alternative or of several different types may be demanded"). The fact that Buyers included a claim for rescission in their complaint does not, *ipso facto*, mean they cannot recover monetary damages for fraud.

**{13}** Seller's argument with respect to Buyers' claim for negligent misrepresentation is equally unavailing. Seller argues, without citation to any authority, that "the same analysis that applies to [Buyers'] fraud claim applies to [Buyers'] claim of negligent misrepresentation." [MIO 10-11] We are aware of no authority that would prohibit Buyers from pursuing negligent misrepresentation and rescission as alternative theories. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Thus, at a minimum, the district court erred in concluding that the district court's order dated May 21, 2008 prohibits Buyers from pursuing their claims for fraud and negligent misrepresentation.

**CONCLUSION**

**{14}** For the reasons stated above and in our previous notice, we reverse the district court's judgment dated March 24, 2010, dismissing Buyers' claims/causes of action with prejudice and remand to the district court for further proceedings.

**{15}** **IT IS SO ORDERED**.

7

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**J. MILES HANISEE, Judge**