This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IRENE GOMEZ-LEON,**

Plaintiff-Appellant,

v.                                                                                          **NO. 33,912**

**AT&T MOBILITY L.L.C.,**

Defendant-Appellee.


**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Riojas Law Firm, P.C.
Robert E. Riojas
El Paso, TX

for Appellant

Littler Mendelson, P.C.
Charlotte Lamont
Albuquerque, NM
Stacey A. Campbell
Denver, CO

for Appellee

<strong>MEMORANDUM OPINION</strong>

**WECHSLER, Judge.**

{1}  Plaintiff appeals the district court's grant of summary judgment on her claim for wrongful termination based on retaliatory discharge. We issued a notice of proposed disposition proposing to affirm; Plaintiff responded with a memorandum in opposition, and Defendant filed a memorandum supporting the proposed affirmance. We have carefully considered the submissions of the parties and remain convinced that affirmance is the appropriate result in this case. Therefore, for the reasons discussed below and in the notice of proposed disposition, we affirm.

{2}  In our notice, we discussed the fact that although Plaintiff had established a prima facie showing of retaliation, Defendant successfully rebutted that prima facie showing by providing a non-retaliatory justification for Plaintiff's termination. It was then incumbent on Plaintiff to point to some evidence indicating that the supposed non-retaliatory justification was not true, or was simply a pretext for retaliation. *See Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 23, 139 N.M. 12, 127 P.3d 548. We proposed to hold that Plaintiff had not done so below, and therefore to affirm.

{3}  Plaintiff's first argument in opposition to our proposal is a challenge to our assertion that she presented no evidence indicating that violation of Defendant's Business Code was an offense that did not merit discharge. She points to the fact that discharge is not the only possible disciplinary action that can be taken following a

2

violation of the Code, and argues that a "whole host of disciplinary actions, short of discharge, could have been applied" against Plaintiff. [MIO 2] By making our statement in the notice, we did not mean to suggest that discharge was the only course of action available to Defendant as a means of disciplining Plaintiff for her violation of the Business Code. Instead, we were pointing out that discharge is a permissible disciplinary action for such a violation, which Plaintiff does not contest. The point of our statement was simply to note that Defendant did not violate its own policies by discharging Plaintiff; although we need not decide the issue in this case, under federal law such a violation would likely have been sufficient evidence of pretext to preclude the grant of summary judgment in favor of Defendant. *See, e.g.*, *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1110 (10th Cir. 2007).

{4}     Plaintiff next challenges our reliance on certain evidence attached to the motion for summary judgment, consisting of an interview conducted with Plaintiff by Ms. Gallegos, the supervisor who made the decision to terminate Plaintiff's employment. As we discussed in the notice of proposed disposition, Plaintiff was terminated for entering her own e-mail address into two different customers' forms. At some point in the proceedings, Plaintiff began to claim that another employee, a manager named Brandy, had actually entered at least one of the e-mails and was not punished for doing so. [DS 3-4; RP 108, 110, 172] Plaintiff argues that this different treatment is

3

evidence that the reason offered for her termination is in actuality a pretext for retaliation. In the notice, we stated our agreement with the principle that where a similarly-situated employee commits a similar act and is not disciplined in the same manner, an inference of pretext can be derived. *Smith v. FDC Corp.*, 1990-NMSC-020, ¶ 14, 109 N.M. 514, 787 P.2d 433. However, as we also discussed in the notice, Plaintiff and Brandy cannot be similarly situated with respect to discipline unless Ms. Gallegos, the supervisor who made the decision to terminate Plaintiff's employment, knew that Brandy had committed the same offense but nevertheless decided not to discharge her. Put simply, Ms. Gallegos could not treat Plaintiff differently than she treated Brandy unless she was aware that Brandy had engaged in the same conduct. *Cf. Lihosit v. I & W, Inc.*, 1996-NMCA-033, ¶¶ 11-12, 121 N.M. 455, 913 P.2d 262 (noting that an employer cannot fire an employee in retaliation for certain actions unless the employer is aware of those actions).

{5}    In the notice we pointed out that when Plaintiff was interviewed by Ms. Gallegos prior to the termination, she admitted that she entered the e-mail addresses herself and did not mention that Brandy had any role in the incidents. [RP 139-40] We also proposed to hold that no other evidence in the record tended to show that Ms. Gallegos had any knowledge that Brandy had entered Plaintiff's e-mail address into customers' forms. In response, Plaintiff contends that such evidence does in fact exist.

4

Without citation to the record proper, she points first to deposition testimony she gave at a later date, in which she claimed that Brandy was the person who entered Plaintiff's e-mail address. We would be entitled to ignore this evidence, given Plaintiff's lack of a citation to support it; it is not this Court's duty to search the record for evidence supporting Plaintiff's position. *Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 16, 147 N.M. 720, 228 P.3d 504. However, we have nevertheless reviewed the testimony to which Plaintiff refers [RP 108], and we find that it does not support an inference that Ms. Gallegos knew about Plaintiff's claim concerning Brandy at the time Ms. Gallegos discharged Plaintiff. Plaintiff's subsequent allegation in a deposition held long after the termination decision was made, to the effect that Brandy was the person who entered the false e-mail addresses, says nothing about what Ms. Gallegos knew when she discharged Plaintiff. The most that it can do is raise an issue of fact as to whether Plaintiff or Brandy entered the false e-mail addresses; but that is not the crucial question here.

{6}     Plaintiff also directs our attention, again without a record proper cite, to a portion of the interview conducted by Ms. Gallegos prior to the termination. At the end of the interview, after admitting she herself entered her own e-mail address into the forms of two different customers, Plaintiff told Ms. Gallegos that she had seen "the customer with Brandy and I told her that anyone can change it." [RP 140]

Plaintiff added that she "told the customer that Brandy can change it for her since [Plaintiff] . . .was going to be awhile." [Id.] However, absent additional information these remarks are not evidence that Brandy entered false e-mail addresses into customers' forms. It is entirely unclear what customer Plaintiff was referencing and in what context. In addition, the use of the word "change" as well as the reference to the fact that Plaintiff would not be available to "change" it immediately indicates that Plaintiff told the customer that Brandy could change something that had already been done by Plaintiff herself. Finally, the statement that Plaintiff told a customer that Brandy could make a change is not evidence that Brandy did in fact make the change, and is certainly not evidence that Brandy entered false e-mail addresses into the customer's form. This is especially true given the lack of any information tying the unspecified "change" to the entry of the e-mail addresses. The evidence Plaintiff points us to, therefore, does not raise a genuine issue of material fact as to whether Ms. Gallegos knew, at the time she made the decision to terminate Plaintiff's employment, that Brandy had allegedly engaged in similar misconduct.

{7}     Plaintiff also argues that during the summary-judgment briefing, Defendant provided two different explanations for Plaintiff's termination—poor work performance as well as the entry of Plaintiff's own e-mail address into the customers' forms. Plaintiff maintains that "[c]onflicting information concerning the reasons for

6

Plaintiff's termination can itself serve as evidence to deny summary judgment." [MIO 4] Once again, Plaintiff cites to no record proper pages in support of her argument. She also cites no case law or other legal authority in support of her proposition of law. We therefore decline to consider her argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (holding that where an issue raised by a party is not supported by cited authority, the appellate court will not review it). Furthermore, we are not persuaded that the additional argument provided by Defendant's attorneys after the fact, during litigation of the termination, should be considered "conflicting information" about the reasons for the termination. There is nothing conflicting between poor job performance, on the one hand, and discrete incidents that standing alone justify termination, on the other hand.

{8} Due to our resolution of the foregoing issues, we need not address Plaintiff's final argument, which points out that direct evidence of retaliatory intent is almost never available. We agree that circumstantial evidence of such intent is sufficient; however, for the reasons stated above, we hold that Plaintiff did not present enough circumstantial evidence of retaliatory intent on the part of Ms. Gallegos to raise an issue of fact as to whether Plaintiff's violation of the Business Code was the true reason for her termination.

**{9}** Based on the foregoing, we affirm the district court's grant of summary judgment to Defendant.

**{10}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**