676 P.2d 1329 (1984)
100 N.M. 764
In the Matter of the ADOPTION OF John DOE, and
Linda Gayle LEE (Worley), Petitioner-Appellee,
v.
Rudy Keith Lee, Respondent-Appellant.
No. 14871.
Supreme Court of New Mexico.
February 29, 1984.
*1330 Thomas K. Campbell, II, Roswell, for appellant.
Richard F. Rowley, II, Clovis, for appellee.
Mark I. Bannister, Sr., Tucumcari, Guardian Ad Litem.

OPINION
RIORDAN, Justice.
Dwayne Nelson Worley (Worley) filed a petition for adoption of a minor child (child) born of a previous marriage between Worley's present wife, Linda Gayle Lee Worley (Mrs. Worley) and Rudy Keith Lee (Lee). Lee filed a response asking to dismiss the petition, and thereafter filed a motion to designate specific visitation periods, pursuant to the divorce decree between Mrs. Worley and Lee. After consolidating the cases, the district court granted the petition for adoption and denied Lee's motion to designate specific visitation periods. Lee appeals. We affirm.
Initially, we note that Lee raises sixteen issues on appeal, eleven of which are unsupported by any cited authority. We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule. NMSA 1978, Civ.App.R. 9 (Cum.Supp. 1983); see Petritsis v. Simpier, 82 N.M. 4, 474 P.2d 490 (1970); Petty v. Williams, 71 N.M. 338, 378 P.2d 376 (1963); Town of Mesilla v. Mesilla Design Center and Book Store, Inc., 71 N.M. 124, 376 P.2d 183 (1962); Lea County Fair Association v. Elkan, 52 N.M. 250, 197 P.2d 228 (1948); Santistevan v. Centinel Bank of Taos, 96 N.M. 734, 634 P.2d 1286 (Ct.App. 1980), affirmed in part, reversed in part, 96 N.M. 730, 634 P.2d 1282 (1981). We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Ala Moana Boat Owners' Association v. State, 50 Haw. 156, 434 P.2d 516 (1967). Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal. Voyles v. City of Nampa, 97 Idaho 597, 548 P.2d 1217 (1976). Lee's remaining five issues with cited authority are consolidated into three issues for clarity in review.
The issues we address on appeal are:
*1331 I. Whether the district court erred in finding by clear and convincing evidence that Lee abandoned the child, thereby relieving Worley from obtaining Lee's consent in the adoption proceeding.
II. Whether the district court erred in finding that Lee's disregard of his parental obligation led to the destruction of the parent-child relationship between Lee and the child.
III. Whether the district court erred in not timely appointing the guardian ad litem, so as to allow the guardian ad litem to properly investigate what would be in the best interests of the child.
Facts
In January 1974, Lee and Mrs. Worley were granted a divorce in which Mrs. Worley was awarded custody of the parties' child. The divorce decree provided Lee with reasonable visitation rights and ordered him to pay $50.00 per month as child support. In December 1974, the district court entered an order[1] at Mrs. Worley's request that Lee be restrained from "coming about, interfering with or molesting" her, and that required Lee to give her at least twenty-four hours notice of his desire to visit the child. Lee was allowed to visit the child only if all child support payments were current and if Lee was not drinking alcoholic beverages. For each visit, Mrs. Worley was to set the time, manner, and place.
Lee stopped paying monthly child support sometime in 1975. After that he had very limited contact with either Mrs. Worley or the child. Lee has resided in Alaska since July 1980. Since his 1974 divorce to Mrs. Worley, Lee sent the child "a t-shirt, a bicycle, a couple of letters, a couple of Christmas cards, and a birthday card."
In November 1975, Worley and Mrs. Worley were married. In March 1982, Worley filed a petition for adoption of the child that stated in part that the physical custody of the child had continuously been with Worley and Mrs. Worley since their marriage. Mrs. Worley consented to the adoption. The petition of adoption alleged that for over five years Lee had not complied with the district court order to support the child and that he had failed to provide for the care and support of the child when able to do so. The petition alleged therefore that Lee's consent was not required pursuant to NMSA 1978, Section 40-7-7 (Repl.Pamp. 1983). Section 40-7-7 provides in pertinent part:
A consent to adoption required by other provisions of the Adoption Act [40-7-1 to 40-7-11, 40-7-13 to 40-7-17 NMSA 1978] is not required from:
A. a parent who has abandoned or deserted the minor to be adopted;
B. a parent of a minor in the custody of * * * a person not the minor's parent, if the parent:
(1) for a period of at least one year has failed without justifiable cause to communicate with the minor * * * or person not the minor's parent having custody of the minor; or
(2) if required by law or judicial decree to do so, has failed to provide for the care and support of the minor when able to do so.
In June 1982, Lee responded to the petition for adoption claiming that his child support payments were current, and that he had neither abandoned his parental obligations and responsibilities nor his contact with the child. In October 1982, Lee filed a motion for designation of specific visitation times pursuant to the divorce decree, which stated in part that Mrs. Worley had unreasonably withheld visitation rights from him, and that he desired to visit the child at reasonable times and places. Lee also requested that his motion for a designation of specific visitation times be consolidated and heard at the same time as the adoption hearing. The district court granted the motion to consolidate.
After hearing, the district court granted Worley's petition for adoption and denied Lee's motion for designation of specific visitation *1332 times pursuant to the divorce decree.

I. Abandonment
Lee claims that the district court erred in finding that Worley showed through clear and convincing evidence that Lee abandoned his son. We disagree. In determining whether the district court erred, we agree with the Court of Appeals case of In re Adoption of Doe, 98 N.M. 340, 345, 648 P.2d 798, 803 (Ct.App.), cert. denied, 98 N.M. 336, 648 P.2d 794 (1982), that:
In proceedings seeking the termination of parental rights, the grounds for any attempted termination must be proven by clear and convincing evidence. The clear and convincing evidence standard requires proof stronger than a mere "preponderance" and yet something less than "beyond a reasonable doubt."
For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true.
The function of the appellate court is to view the evidence in the light most favorable to the prevailing party, and to determine therefrom if the mind of the factfinder could properly have reached an abiding conviction as to the truth of the fact or facts found. (citations omitted).
As previously noted, Section 40-7-7 provides that a consent to adoption is not required from a parent who has abandoned his or her minor to be adopted. In determining whether a parent has abandoned his or her child, we adopt the rationale in the Court of Appeals case of In re Adoption of Doe, 89 N.M. 606, 618-619, 555 P.2d 906, 918-919 (Ct.App.), cert. denied, 90 N.M. 7 and 8, 558 P.2d 619 and 620 (1976), that:
"* * * [A]bandonment consists of conduct on the part of the parent which implies a conscious disregard of the obligations owed by a parent to the child, leading to the destruction of the parent-child relationship."
This definition "* * * focuses on two questions  has the parent's conduct evidenced a disregard for his parental obligations, and has that disregard led to the destruction of the parent-child relationship?"
"The two elements of the test are interdependent; both must be established if there is to be legal abandonment. The mere fact that there is evidence of the relationship's destruction is of no consequence if it cannot be established that there was parental conduct which caused it."
What is meant by "conscious disregard"? "Conscious" is defined in terms of "awareness" or "knowing". "Disregard" is defined in terms of "pay no attention to".
A "conscious disregard" is a "knowing failure to pay attention"; "an awareness that one is not paying attention".
What is meant by "obligation owed by a parent to a child"? These obligations are the obligations "too [sic] personally care for, support, educate, give moral and spiritual guidance, and provide a home and that love and security which a home provides."
A "conscious disregard of the obligations owed by a parent to the child" excludes acts which are beyond the control of the parent. The phrase includes acts within the parent's control and thus includes careless or negligent acts. No specific intent to disregard parental obligations is involved. The only "intent" involved is the purposely engaging in conduct which implies a conscious disregard of parental obligations.
Failure to support, or allowing others to assume the burden of support, is a factor tending to establish abandonment, but only when linked with other circumstances. "The typical kinds of conduct which constitute abandonment are the withholding of parental presence, love, care, filial affection and support and maintenance." (citations omitted).
In the present case, we must initially determine whether the district court was *1333 correct in finding by clear and convincing evidence that Lee abandoned the child. We must also determine whether the trial court was correct in finding by clear and convincing evidence that it was in the child's best interests to grant the adoption petition. In making these determinations, we must view the evidence in the light most favorable to Worley, the prevailing party. Id. at 619-620, 555 P.2d at 919-920.
Worley and Mrs. Worley have raised the child since the date of their marriage, at which time the child was a little over two years old. At the time of the hearing the child was nine years old. During this seven year period, the child has seen or visited Lee only two or three times.
In 1974, the district court ordered that Lee's right to visitation was specifically conditioned on the facts that he not drink and that he be current in his child support payments. The $50.00 monthly child support payments were made by Lee only throughout 1974 and partially in 1975. During the time Lee was paying the $50.00 monthly child support payments, he was allowed visitation. In June 1980, Lee left for Alaska to work for Geophysical Services, Incorporated, and although he earned close to $8,000.00 a month for two winter seasons and one summer, he did not pay any child support. At the time of the hearing, Lee was going to school full time on money he saved.
The record shows that Lee, by his own conduct, placed himself in a position of having no contact with the child. Lee failed to comply with the district court's order to pay child support, failed to communicate with the child, and disregarded the child's welfare. These willful, intentional acts clearly constituted abandonment. See In re Adoption of David C., 479 Pa. 1, 387 A.2d 804 (1978); In re Adoption of Christofferson, 89 S.D. 287, 232 N.W.2d 832 (1975); see also 2 Am.Jur.2d Adoption §§ 31 through 36 (1962). Similarly, it was in the child's best interests that the adoption petition be granted. Therefore, we determine that there was sufficient evidence for the district court to find by clear and convincing evidence that Lee abandoned the child, and that by virtue of this finding, the district court properly concluded that Lee's consent was not necessary for the adoption.

II. Parent-Child Relationship
Lee claims that the issue of whether the parent-child relationship has been destroyed is only material in the event that there was parental conduct which caused such destruction. He argues that the district court erred in finding that the parent-child relationship between Lee and the child had been destroyed. We disagree.
Parental obligation is a positive duty requiring affirmative performance. Lee, however, by his own conduct placed himself in a position of having no contact with the child. Lee willfully and intentionally failed to comply with the district court's order to pay child support, failed to communicate with the child, and disregarded the child's welfare. Therefore, we determine that the district court did not err in finding that Lee's disregard of his parental obligation has led to the destruction of the parent-child relationship between Lee and the child. See 2 Am.Jur.2d Adoption, §§ 31 through 36 (1962).

III. Guardian Ad Litem
The district court appointed a guardian ad litem and advised both parties that the transcript of the proceedings would be available to the guardian ad litem. The district court also advised the parties that the guardian ad litem would make an independent investigation as to whether additional evidence need be presented to the district court, and whether a further hearing need be conducted. Thereafter, the guardian ad litem interviewed Lee's mother, Mrs. Worley, and the child. Because there appeared to be no need for additional evidence to be introduced or additional witnesses to be called, the guardian ad litem determined that the district court was able, without further evidence, to render an informed decision that would be in the best interests of the child.
On appeal, Lee relies on Wasson v. Wasson, 92 N.M. 162, 584 P.2d 713 (Ct.App. 1978), for the proposition that it was plain *1334 error for the district court to proceed in the absence of counsel for the minor son. Lee argues that the district court erred in not timely appointing the guardian ad litem and that the guardian ad litem never investigated what would be in the best interests of the child. We disagree.
Wasson is distinguishable. A reading of Wasson indicates that it was strictly a proceeding for termination of parental rights not proceedings for termination of parental rights, and for adoption, as in the present case. Moreover, even though Wasson stands for the proposition that a guardian ad litem should be appointed by the district court to protect the interests of the child, we do not read Wasson to hold that the guardian ad litem must be appointed prior to the time that the hearing on the merits can be held. Rather, we hold that this determination falls within the discretion of the district court, and that the district court in the present case did not abuse its discretion.

Conclusion
The judgment of the district court is affirmed. This case is remanded to the district court for further proceedings not inconsistent with this opinion.
IT IS SO ORDERED.
FEDERICI, C.J., and STOWERS, J., concur.
NOTES
[1] The conditions of the visitation were stipulated to by Lee and Mrs. Worley. This stipulation was filed with the district court, and an order was entered.