# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PETE D. SALAZAR,**

Plaintiff-Appellant,

v.                                                            **NO. 28,907**

**ALFRED BACA and**
**MARGARET CASSIDY BACA,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Camille Martinez Olguin, District Judge**

Peter Everett IV
Albuquerque, NM

for Appellant

Fuentes & Associates, PC
Robert R. Fuentes
Rio Rancho, NM

for Appellees

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Appellant appeals from the district court's order entering summary judgment

in favor of Appellees. This Court's first notice proposed summary affirmance. Appellant filed a timely memorandum in opposition to the proposed disposition. We are not persuaded by Appellant's arguments and affirm the district court.

Appellant asserts that there are facts to support a special relationship between the parties, given their close and longtime, personal friendship. [MIO 2-3] However, Appellant does not cite to authority establishing a duty under these circumstances. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists).

In addition, Appellant does not respond to the fact that there was no evidence of fraudulent concealment. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Appellant knew when the real estate transaction closed, but chose not to seek payment for his services, instead relying on Appellees' promise to pay at a later date. Thus, Appellant knew of the existence of his cause of action within the statute of limitations period. *Cf Kern v. St. Joseph Hosp., Inc.,* 102 N.M. 452, 456, 697 P.2d 135, 139 (1985) (stating that to toll the statute of limitations, the patient has the burden of showing "that the patient did not know, or could not have known

2

through the exercise of reasonable diligence, of his cause of action within the statutory period."). The parties' agreement to delay payment did not toll the statute of limitations.

For all of these reasons, and those stated in the first notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**MICHAEL E. VIGIL, Judge**