This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CONNIE SCORZA,**

  Plaintiff-Appellant,

v.                                                                    **NO. 29,729**

**WILLIAM R. HANKINS; MOGOLLON CORP.;**
**CAROL THOMPSON, dba THOMPSON REALTY/**
**CENTURY 21; ROBERT M. ROWLAND; DOES 1**
**through 10 inclusive,**

  Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**H.R. Quintero, District Judge**

Connie Scorza
Bend, OR

Pro Se Appellant

Filosa & Filosa
Mark A. Filosa
Truth or Consequences, NM

for Appellees William R. Hankins and Mogollon Corp.

Stevens & Associates

J. Monty Stevens

El Paso, TX

for Appellee Carol Thompson

Lopez & Associates, P.C.

William J. Perkins

Silver City, NM

Simone, Roberts & Weiss, P.A.

Randal W. Roberts

Albuquerque, NM

for Appellee Robert M. Rowland

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Plaintiff appeals from an order dismissing her claims with prejudice based on her failure to pay sanctions after refusing to attend her scheduled deposition. In this Court's notice of proposed summary disposition, we proposed to affirm. Plaintiff has timely responded with a memorandum in opposition. We have considered Plaintiff's arguments. As we are not persuaded by them, we affirm.

**The Sanctions**

Plaintiff asserts that the district court erred in sanctioning her for failing to appear at her deposition and then dismissing her case when she did not pay the sanctions. [DS 11] In this Court's notice of proposed summary disposition, we

proposed to affirm under an abuse of discretion standard. Plaintiff responds that the imposition of sanctions "defied the logical conclusion demanded by the circumstances and events in this matter." [MIO 7] Plaintiff contends that sanctions should not have been imposed because she was justified in refusing to appear for her deposition. [MIO 2-5] However, as we explained in our notice, we do not believe that it was an abuse of discretion for the district court to conclude that Plaintiff's reasons for failing to appear were not legitimate, and Plaintiff has cited no authority to suggest that the district court's conclusion was erroneous. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that when a litigant cites no authority for a proposition, we may assume no such authority exists). Plaintiff has not demonstrated that the fact that Larry Gillaspy was only recently made a party to the lawsuit or the fact that the judge might not have a been available to resolve any disputes about objections that could potentially arise during the deposition constitutes a valid reason for Plaintiff's failure to appear. Accordingly, we hold that the district court did not abuse its discretion in sanctioning her. *See* Rule 1-037(D) NMRA.

**The Claims of Error Relating to the Assignment and the Rule 1-019 NMRA Motion**

Plaintiff asserts that this Court should reconsider its proposed decision to decline to review two of Plaintiff's claims of error. [MIO 5-6] However, as we

explained in our notice, even assuming that the district court did in fact err in the ways suggested by Plaintiff, such errors would not have excused Plaintiff from attending her deposition. Therefore, the district court could have still appropriately sanctioned Plaintiff by requiring her to pay fees and costs and dismissed her case when she failed to do so. Because our review of these issues would not affect the ultimate disposition of Plaintiff's case, we need not address these claims of error.

**The Claim of Judicial Bias**

Plaintiff asserts that Judge Quintero should have recused himself because he was biased against Plaintiff. [DS 9] In this Court's notice of proposed summary disposition, we proposed to hold that Plaintiff had not demonstrated the sort of personal, extrajudicial bias necessary to require recusal. *See State v. Ruiz*, 2007-NMCA-014, ¶¶ 15-19, 141 N.M. 53, 150 P.3d 1003 (filed 2006) (explaining that a judge's opinions about a litigant or witness that arise during the course of litigation do not constitute the type of extrajudicial bias that requires recusal). Plaintiff asserts that her description of the events in the docketing statement cannot convey the full picture of the judge's bias against her. [MIO 6] However, as we explained in our notice, this Court has reviewed the motion Plaintiff filed in the district court, along with its attachments, and based on the assertions in that motion, the evidence in

4

support of the motion, and the description of events in Plaintiff's docketing statement, we hold that the judge did not err in declining to recuse himself. Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**


_____
**TIMOTHY L. GARCIA, Judge**