This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    NO. 30,596

**GUADALUPE URQUIZO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals from his conviction for aggravated assault with a deadly weapon on a household member. This Court issued a calendar notice proposing to

affirm. Defendant filed a memorandum in opposition which this Court has duly considered. Unpersuaded, we affirm.

**Issue A:** Defendant contends that he did not receive a fair and impartial trial because pretrial publicity concerning his escape attempt tainted three of the jurors. In this Court's calendar notice we proposed to conclude that the district court properly applied "a three-step procedure to guard against jury exposure to potentially harmful publicity," [CN 3 (quoting *State v. Quintana*, 2009-NMCA-115, ¶ 11, 147 N.M. 169, 218 P.3d 87)], and proposed to find no error. Defendant concedes that the district court complied with *Quintana*, but argues that nonetheless the district court should have continued the trial. Defendant provides no authority to support this argument, and we therefore assume no such authority exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that absent cited authority to support an argument, we assume no such authority exists). Moreover, *Quintana* supports this Court's conclusion.

**Issue B:** Defendant contends that there was insufficient evidence to support his conviction. In this Court's calendar notice we proposed to disagree. In response, Defendant contends that the State did not satisfy its burden of proof of establishing the elements of aggravated assault beyond a reasonable doubt, where the State's evidence was based on testimony by the Victim which was contradicted by

2

Defendant's own testimony. [MIO 10] Conflicts in testimony are for the fact-finder to resolve. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. "The reviewing court does not weigh evidence or substitute its judgment for that of the factfinder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. Based on the analysis contained in this Court's notice of proposed disposition and for the reasons just stated, we conclude that there was sufficient evidence to support Defendant's convictions.

**Issues C & D**: Defendant argues that the State improperly solicited testimony from Victim to establish her credibility and that the State improperly solicited testimony that Defendant had threatened Victim after the incident. Defendant contends that this testimony was more prejudicial than probative because it acted to bolster Victim's credibility, while undermining Defendant's credibility by introducing the subject matter of a different pending, criminal case against Defendant as evidence at this trial. We proposed to conclude that testimony of Defendant threatening Victim was properly admissible to demonstrate absence of accident. *See* Rule 11-404(B) NMRA ("Evidence of other crimes wrongs or acts . . . may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."). Defendant has not demonstrated error with this Court's proposed conclusion. *See State v. Ibarra*, 116

3

N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). To the extent the testimony may have impacted Defendant's credibility with the jury, "[t]he fact that competent evidence may tend to prejudice [the] defendant is not grounds for exclusion of that evidence[.]" *See State v. Hogervorst*, 90 N.M. 580, 588, 566 P.2d 828, 836 (Ct. App. 1977). Accordingly, we conclude Defendant has failed to demonstrate error in these rulings.

**Issue E:** Defendant contends that the district court erred in not permitting him to call witnesses that would establish that Victim was drinking and taking prescription drugs on the night in question. The district court denied the request because the defense had not given the State notice of its intent to call these witnesses. In this Court's calendar notice, we proposed to conclude that the district court had not abused its discretion in refusing to allow Defendant's witnesses to testify. There are three conflicting rationales advanced by Defendant for this proposition.

Defendant asserts that the district court's ruling deprived him of his right to present a defense and was therefore a violation of his right to due process. Defendant argues that "[w]here the evidence is offered in support of the defense's theory of the case, [appellate courts] recognize 'a presumption against exclusion of otherwise admissible defense evidence. No other approach adequately protects the right to

4

present a defense.'" [MIO 15 (quoting *State v. Campbell*, 2007-NMCA-051, ¶ 17, 141 N.M. 543, 157 P.3d 722)] If these witnesses were offered by Defendant to establish his theory of the case, these witnesses were not rebuttal witnesses. Defendant should have been aware of the need to call these witnesses prior the close of the State's case, and should have provided the State with prior notice or a witness list that included these witnesses. Defendant also states that he wished to call these witnesses to impeach Victim's credibility. [MIO 16] Direct evidence of impeachment is not permitted pursuant to Rule 11-608(B) NMRA ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Rule 11-609, may not be proved by extrinsic evidence.").

We therefore conclude the district court did not abuse its discretion in not allowing Defendant's witnesses to testify as to Defendant's theory of the case, based on Defendant's failure to disclose. *See* Rule 5-505(B) NMRA (providing that, "[i]f at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may . . . prohibit the party from calling a witness not disclosed, or introducing in evidence the material not disclosed"). To the extent Defendant contends that these are rebuttal witnesses and he was not aware of the need to call

them until after Victim testified, we assume that Defendant is correct and that he was not required to give prior notice of his intent to call these witnesses to the State. Even in this instance, we uphold the district court's ruling under a right for any reason analysis, since the witness's testimony would not have been permissible. *See State v. Ruiz*, 2007-NMCA-014, ¶ 38, 141 N.M. 53, 150 P.3d 1003 (stating that as a general rule, we will uphold the decision of a district court if it is right for any reason).

For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**ROBERT E. ROBLES, Judge**


_____
**TIMOTHY L. GARCIA, Judge**