This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              NO.   32,126

**DONALD McPHERSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Donald McPherson (Defendant) appeals his conviction for aggravated DWI and resisting an officer. We proposed to affirm in a calendar notice, and Defendant has responded with a memorandum in opposition. We have carefully considered Defendant's arguments, but we find them unpersuasive. We affirm Defendant's convictions.

The district court ruled that, if Defendant testified, the State could ask Defendant whether he had performed field sobriety tests on a prior occasion. In his docketing statement, Defendant claimed that his right to a fair trial was violated. We addressed that argument in our calendar notice. Defendant now argues that the district court's ruling was premature and that it was fundamental error for the district court to make the ruling "in advance of direct examination[.]" [MIO 6]

The State argued that defense counsel had "opened the door" regarding whether Defendant had taken or practiced field sobriety tests in the past. The district court agreed and ruled that the State could ask whether Defendant had performed the tests on a prior occasion during a police stop. Defendant did not argue that the ruling was made in error, or that he chose not to testify because of the ruling. Instead, Defendant now appears to argue that he should have been allowed to testify on direct examination and, if he again "opened the door," the State could rely on the district court's ruling to ask the question regarding field sobriety tests. Defendant cites no

2

authority in support of this argument, and we know of no authority that would require a trial court to delay its ruling until such time as the defendant again opens the door to rebuttal by the State. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that the appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, the appellate court will assume no such authority exists). We affirm on this issue.

Defendant continues to claim that his right to a fair trial was violated by the State's comments during closing argument. To the extent Defendant's arguments were not preserved below, he asks that we review them for fundamental error.

At some point during closing, Defendant made a broad objection to the State's comments that they were outside the scope or new argument and asked for "that line of argument" to be stricken. [DS 14] The State responded to the objection, and then Defendant contended that the comments were improper. [Id.] The State told the district court it would "move on," the State was told to proceed, and the trial continued. [DS 14-15] Defendant did not ask for a curative instruction and did not ask that the district court strike specific comments made by the State. As discussed in our calendar notice, Defendant's objections did not specifically alert the district court to his claims regarding post-arrest silence, vouching for the credibility of a witness, or

Defendant's decision to not present a defense. Therefore, the arguments were not preserved for appeal. Moreover, based on defense counsel's broad request to strike "that line of argument" and defense counsel's silence after the State indicated it would move on from the line of argument, and the district court told the State to proceed, the district court did not err in effectively denying the motion to strike.

In addition, there was no fundamental error in this case. To find fundamental error, Defendant's guilt must be so doubtful as to shock our conscience, or there must have been an error in the process that goes to the integrity of the judicial process. *State v. Barber*, 2004-NMSC-019, ¶ 16, 135 N.M. 621, 92 P.3d 633; *see also State v. DeGraff*, 2006-NMSC-011, ¶ 21, 139 N.M. 211, 131 P.3d 61 (explaining that fundamental error based on prosecutor's comments on silence occurs if there is a reasonable probability that the comments were a significant factor during deliberations in relation to the other evidence presented). Here, there was evidence that Defendant was weaving, he had bloodshot and watery eyes and smelled of alcohol, he admitted to consuming four beers, he did not perform well on field sobriety tests, and he cursed at the officer and walked away. [RP 143-44] The comments referred to by Defendant include the State asking the jury to put themselves in the place of an officer, commenting on the absence of "difficulties presented by the surface conditions," absence of injuries Defendant may have had, absence of reasons for

Defendant's behavior, and comments that the officer provided honest testimony. Given the evidence presented to the jury, the finding that Defendant was guilty does not shock this Court's conscience, and there is nothing to support a claim that the process affected the integrity of the judicial process. The State's comments do not amount to fundamental error.

Defendant again argues that the State's conduct amounted to cumulative error. As we thoroughly discussed in our calendar notice, there is no basis for Defendant's claim.

For the reasons discussed in this Opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____

**J. MILES HANISEE, Judge**