This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                          **No. 34,120**

**SAMMY PINON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Laura E. Horton, Assistant Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRENCH, Judge.**

{1}	Defendant Sammy Pinon was convicted of a felony in district court. On appeal, this Court issued a calendar notice proposing to affirm. After Defendant failed to file a memorandum in opposition, this Court issued a memorandum opinion affirming the conviction. Subsequently, Defendant petitioned the district court for a writ of habeas corpus claiming ineffective assistance of appellate counsel because of counsel's failure to file a memorandum in opposition. The district court granted the petition, providing relief in the form of a new direct appeal to this Court. We hold that the Court of Appeals has no jurisdiction to review a habeas court's decision to grant a habeas petition and no jurisdiction to hear a new appeal at the direction of the habeas court. Therefore, the appeal is dismissed.

## I.	BACKGROUND

{2}	In 2007, Defendant was convicted of retaliation against a witness, a second degree felony, contrary to NMSA 1978, Section 30-24-3(D) (1997). Defendant's counsel timely filed a notice of appeal in the district court and a docketing statement in the Court of Appeals. The sole issue raised in the docketing statement was whether sufficient evidence existed to convict Defendant. This Court issued a summary calendar notice proposing to affirm. Defendant's counsel did not file a memorandum in opposition. Accordingly, this Court affirmed Defendant's conviction in a memorandum opinion for the reasons stated in its calendar notice.

{3} In 2010, Defendant, pro se, petitioned the district court for a writ of habeas corpus. Defendant claimed ineffective assistance of counsel at trial and on appeal. The Office of the Public Defender subsequently filed an amended petition specifically seeking an order vacating Defendant's conviction and granting him a new trial in the district court.

{4} Four years after Defendant first filed his petition for writ of habeas corpus, the district court granted the petition in part. It found that Defendant's attorney "rendered per se ineffective assistance of counsel on [Defendant's] direct appeal by failing to file *any* pleadings (memorandum in opposition to calendar notice, motion for rehearing, or petition for certiorari) on his behalf[,]" and "by failing to include all plausible claims raised in the [d]istrict [c]ourt in the [d]ocketing [s]tatement (or by moving to amend the [d]ocketing [s]tatement)[.]" The district court held that Defendant was "therefore entitled to a new direct appeal[,]" ordering counsel to file a new notice of appeal and a new docketing statement pursuant to the Rules of Appellate Procedure.

{5} Defendant's appellate counsel filed a new docketing statement with this Court. The new docketing statement raises several issues, including ineffective assistance of counsel, violation of Defendant's right to confront adverse witnesses, and insufficient evidence for Defendant's conviction. Defendant's case was assigned to the summary calendar. Finding no authority that permits the district court to order the Court of

Appeals to reconsider an appeal, the notice of summary disposition proposed dismissal. Defendant filed a memorandum in opposition and we placed the case on the general calendar. Unpersuaded by Defendant's arguments, we hold that this Court lacks jurisdiction to hear the appeal as directed by the district court through its order granting Defendant's habeas petition.

**II.     DISCUSSION**

{6}     Our Supreme Court, not the Court of Appeals, has jurisdiction to review an appeal of a habeas court decision. N.M. Const. art. VI, § 3 ("The [S]upreme [C]ourt shall . . . have power to issue writs of . . . habeas corpus[.]"); Rule 12-102(A)(3) NMRA ("The following appeals shall be taken to the Supreme Court . . . appeals from the granting of writs of habeas corpus[.]"); Rule 5-802(L) NMRA (stating that the state may appeal the district court's decision to grant a writ of habeas corpus). The procedural posturing of this case, however, is unique. This Court is not reviewing the order of the district court granting the habeas petition. Rather, this case comes before this Court at the direction of the habeas court as a "reinstated" direct appeal. As such, this Court is asked to make a determination on the merits of Defendant's second docketing statement as if it were his first, timely filed one.

{7}     As stated in the summary calendar notice, this Court is unaware of any authority that allows the district court to effectively order this Court to reconsider an appeal

where the appellant previously perfected an appeal. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Defendant argues the right to a reinstated direct appeal resides in the constitutional right to an appeal. N.M. Const. art. VI, § 2 (providing that aggrieved parties have the absolute right of one appeal). Here, Defendant's counsel previously filed a notice of appeal and a docketing statement. This Court denied his claims in a memorandum opinion. Defendant's appeal of his conviction of retaliation against a witness was perfected and decided by this Court. He has received his one appeal of right. Therefore, this Court does not have jurisdiction to hear another appeal from the same case as directed by the habeas court.

**III.   CONCLUSION**

**{8}**   In short, we do not see any procedurally appropriate way to accept Defendant's appeal under the circumstances of this case. This Court lacks jurisdiction over the appeal; it is dismissed.

**{9}**   **IT IS SO ORDERED.**

_____
**STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**M. MONICA ZAMORA, Judge**