This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39627**

**EMIL MOTTOLA AND SHARON MOTTOLA,**

　　　Plaintiffs-Appellants,

v.

**LINDA MARTIN and LUIS MARTIN d/b/a MIRASOL SOLAR ENERGY SYSTEMS,**

　　　Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan P. Biedscheid, District Judge**

Emil Mottola
Sharon Mottola
Santa Fe, NM

Pro Se Appellants

Kalm Law Firm, PC
Thomas L. Kalm
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**　　Plaintiffs, Emil and Sharon Mottola, appeal arguing that they are entitled to relief from a costs judgment. We issued a notice of proposed summary disposition proposing to affirm, and Plaintiffs have responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** The law of the case doctrine provides that "a decision by an appeals court on an issue of law made in one stage of a lawsuit becomes binding on subsequent trial courts as well as subsequent appeals courts during the course of that litigation." *State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 21, 145 N.M. 769, 205 P.3d 816; *see also Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 40, 125 N.M. 721, 965 P.2d 305 ("Law-of-the-case doctrine is a matter of precedent and policy; it is a determination that, in the interests of the parties and judicial economy, once a particular issue in a case is settled it should remain settled." (internal quotation marks and citation omitted)).

**{3}** As explained in our notice of proposed summary disposition, Plaintiffs are attempting to raise issues that have been considered and decided previously in several appeals to this Court. Specifically, Plaintiffs' argument that Defendants failed to submit evidence to substantiate the costs bill was considered and decided against Plaintiffs in the appeal in *Mottola v. Martin*, No. A-1-CA-34915, memo op. (N.M. Ct. App. July 18, 2018) (nonprecedential). [RP 2585-2591] Additionally, the following issues raised in the memorandum in opposition were decided in *Mottola v. Martin*, No. A-1-CA-36476, memo op. (N.M. Ct. App. May 24, 2019) (nonprecedential): (1) whether relief was warranted under Rule 1-060(B)(3) NMRA due to misrepresentations and fraud related to the costs bill, including discrepancies in the number of individual hours claimed versus the number of total hours claimed; and (2) whether post-judgment statements made by defense counsel constituted newly discovered evidence of fraud and misrepresentations warranting relief under Rule 1-060(B)(2). [RP 2603-2610] As this Court has already heard and decided these issues in prior appeals, we do not address them further. *See Cordova v. Larsen*, 2004-NMCA-087, ¶ 10, 136 N.M. 87, 94 P.3d 830 ("Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes a binding precedent in successive stages of the same litigation."(internal quotation marks and citation omitted)).

**{4}** To the extent Plaintiffs contend that certain of these issues were not considered or decided in the prior appeals, we disagree. *See Martin*, No. A-1-CA-34915; *Martin*, No. A-1-CA-36476. Additionally, to the extent Plaintiffs argue that any of these issues are properly before this Court because Defendants made statements which Plaintiffs interpret to mean that Defendants incurred no costs in the action below, we reject this argument as well. [MIO 12-13]

**{5}** The only issue properly before this Court in the present appeal is whether the district court erred in refusing to dismiss the costs bill based on a violation of the time limits set out in Rule 1-085 NMRA. The facts relevant to this issue are that this Court filed its most recent opinion in this matter on May 24, 2019, and the mandate was issued on October 16, 2019. [SRP 2602, 2603] However, Defendants did not file their motion requesting an order on the mandate until August 14, 2020. [SRP 2624] Plaintiffs argue that by failing to file a motion for order on the mandate within fifteen days, Defendants failed to comply with the requirements of Rule 1-085(A) NMRA, and therefore they have waived the award of costs. [MIO 2-5] *See* Rule 1-085(A) (providing that "[w]ithin thirty (30) days after an appellate court has sent its mandate to the district court, the prevailing party on appeal shall either: (1) present to the court a proposed

judgment or order on the mandate containing the specific directions of the appellate court; or; or (2) if necessary, request a hearing.").

**{6}** However, Plaintiffs have cited to no authority establishing that a party waives judgment in their favor for failing to comply with the time limits set out in Rule 1-085(A). We, therefore, presume that none exists and reject this argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where a party cites no authority to support an argument, the appellate courts may assume no such authority exists). While Plaintiffs do cite to cases involving statutory limitations on actions in other contexts and cases addressing different rules of procedure in different contexts, we find these authorities inapposite and we decline to extend them to apply here.

**{7}** Finally, Plaintiffs continue to argue that the costs bill contains 7.2 hours of time previously disallowed by this Court in our opinion in *Martin*, No. A-1-CA-34915. However, on remand, the district court recognized this Court's disallowance of those particular costs and entered an order awarding costs in a manner consistent with this Court's opinion. We, therefore, reject this assertion of error.

**{8}** For these reasons, we affirm.

**{9}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**