This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41459**

**STACEY KITTNER,**

Plaintiff-Appellant,

v.

**STEVEN SANDERS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Court Judge**

Western Agriculture, Resource and
Business Advocates, LLP
Jared R. Vander Dussen
A. Blair Dunn
Albuquerque, NM

for Appellant

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Sonya R. Burke
Mia Lardy
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**     Plaintiff appeals from the district court's order entering summary judgment in favor of Defendant and an order denying Plaintiff's motion to amend her complaint. [5 RP 1046, 1060] This Court issued a calendar notice proposing to summarily affirm in part and reverse in part. Plaintiff filed a memorandum in opposition and Defendant filed

a memorandum in support, both of which we have duly considered. Unpersuaded by the memorandum in opposition, we proceed with our prior proposed disposition, affirming in part and reversing in part.

**{2}** In our proposed disposition, we proposed affirming the district court's summary judgment order based on Plaintiff's failure to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of an adverse employment action. [CN 3] Plaintiff's memorandum does not dispute our proposed conclusion that she did not suffer an adverse employment action other than the termination that formed the crux of her December 15, 2015 EEOC charge. [CN 4-5] Without citation to any authority, Plaintiff's memorandum asserts:

> It is a well-settled and fundamental legal maxim that *everything which is not forbidden is allowed.* Neither, the Defendant's briefing below nor this Court's proposed summary disposition point to law or precedent that a person cannot use the EEOC form to provide that agency with an update and a continuation of what was then a still pending EEOC charge, in fact, [Plaintiff] advises at the end of the document that the termination was in continuation and out of retaliation for her bringing the then still pending EEOC charge.

[MIO 4] This assertion misconstrues our proposed disposition. This Court relied on *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 10 n.1, 139 N.M. 637, 137 P.3d 577, and *Ulibarri v. New Mexico Corrections Academy*, 2006-NMSC-009, ¶ 9, 139 N.M. 193, 131 P.3d 43, to propose that Plaintiff was required to file a charge of discrimination within 180 days of her termination, a discrete act under *Ulibarri*, and failed to do so. [CN 3-5] We reiterate that Plaintiff has provided us with no authority indicating that a party can deviate from this rule. [CN 5] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, we will not research authority for counsel, and will not review issues unsupported by authority).

**{3}** Plaintiff also asserts that her own affidavit "puts the material question of whether or not she had untimely filed a new charge or was merely filing a continuation update . . . squarely and genuinely in dispute." [MIO 4] However, that affidavit simply reflects the legal argument made above. [4 RP 909] As this Court held in *Flagstar Bank, FSB v. Licha*, a district court may appropriately disregard an affidavit during summary judgment proceedings that is premised on legal conclusions that would be inadmissible at trial. 2015-NMCA-086, ¶¶ 19-22, 356 P.3d 1102, *abrogated on other grounds as recognized by PNC Mortg. v. Romero*, 2016-NMCA-064, 377 P.3d 461; *see Beal v. S. Union Gas Co.*, 1960-NMSC-019, ¶¶ 29-30, 66 N.M. 424, 349 P.2d 337 (concluding that expert testimony was properly stricken at trial because it is not the function of any witness, expert or non-expert, to state an opinion on a matter of law).

**{4}** Plaintiff's memorandum next asserts that, in addition to her EEOC claims, Defendant also failed "to revive the case in order to bring a federal whistleblower protection claim." [MIO 2] The docketing statement did not mention a federal whistleblower protection claim and the memorandum provides us with no factual basis for such a claim. The memorandum points to an unsworn opinion letter, from an attorney to Plaintiff's counsel that was attached to that attorney's affidavit submitted during the summary judgment proceedings below. [CN 5; 4 RP 913-14] The letter indicates that a federal whistleblower protection claim "arguably should have been" made in the underlying case, that Plaintiff's representations indicate that she made an appropriate complaint under the dictates of "the federal Whistleblower Protection Act as expanded by the National Defense Authorization Act," that the government actors did not take timely action on that complaint, and "that she had therefore exhausted her remedies as specified at 41 U.S.C. § 4712(c)(2)." [MIO 3; 4 RP 913-14] The letter also notes that the attorney did "not have specific dates concerning the complaint, so [he could not] comment on any available statute of limitations defense." [Id.] Particularly given the failure to provide any supporting factual detail, the assertion that there may have been a viable federal whistleblower protection claim is again a bare legal conclusion that was appropriately disregarded by the district court. *Flagstar Bank, FSB*, 2015-NMCA-086, ¶¶ 19-22.

**{5}** Lastly, we note that neither party directly disputes our proposed conclusion that the district court erred in denying Plaintiff's motion to amend her complaint. In his memorandum in support, Defendant asserts a conditional argument in the event this Court were to reverse the summary judgment entered below. [MIS 7-9] Because we are affirming that judgment, we need not reach Defendant's conditional argument. Consequently, we reverse the district court's denial of Plaintiff's motion to amend her complaint, but otherwise affirm.

**{6}**    **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**