This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39873**

**HOME REJUVENATION 1 LLC,**
**a New Mexico limited liability company,**

      Plaintiff-Appellee,

v.

**RENEE TORRES and**
**RICHARD TORRES,**

      Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elaine P. Lujan, District Judge**

Law Offices of Darlene Gomez, LLC
Darlene T. Gomez
Albuquerque, NM

for Appellee

Renee Torres
Richard Torres
Albuquerque, NM

Pro Se Appellants

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendants appeal, pro se, from a district court order dismissing their appeal from a metropolitan court writ of restitution. We issued a calendar notice proposing to affirm. Defendants have filed a memorandum in opposition, and Plaintiff has filed a timely memorandum in support. We affirm.

**{2}** Defendants continue to challenge the district court order dismissing their appeal from a metropolitan court writ of restitution. [RP 175, 177] The writ, issued in case T-4-CV-2019-004906, was filed after the metropolitan court had issued the original writ of restitution on May 1, 2019. [RP 30] Defendants thereafter appealed to the district court, this Court, and the Supreme Court. [RP 54, 87, 91] The metropolitan court issued the current writ after Defendants had lost all of their appeals. As such, Defendants' current appeal is barred by the law of the case doctrine insofar as Defendants are seeking a renewed attack in T-4-CV-2019-004906. *See State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 22, 145 N.M. 769, 205 P.3d 816 (holding that an opinion in a prior appeal "set[s] forth the full extent of the jurisdiction of the district court on remand" and constitutes the law of the case binding on the district court as well as subsequent appellate courts).

**{3}** In their memorandum, Defendants allege that Plaintiff failed to timely comply with Rule 1-085(A) NMRA after their first appeal. That rule provides that "[w]ithin thirty (30) days after an appellate court has sent its mandate to the district court, the prevailing party on appeal shall either: (1) present to the court a proposed judgment or order on the mandate containing the specific directions of the appellate court; or (2) if necessary, request a hearing." However, Defendants have cited to no authority establishing that a party waives judgment in their favor for failing to comply with the time limits set out in Rule 1-085(A). We, therefore, presume that none exists and reject this argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where a party cites no authority to support an argument, the appellate courts may assume no such authority exists). In addition, we note that on July 1, 2021, the district court issued mandate to the metropolitan court in the first appeal, D-202-CV-2019-3552. We therefore consider the issue to be moot. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions.").

**{4}** For the reasons set forth above, we affirm.

**{5}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**