This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41131**

**HAILEY LEONARD,**

> Appellant-Respondent,

v.

**NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS,**

> Appellee-Petitioner,

and

**CHATTER POINT d/b/a SIMPLIFI YOUR LIFE, LLC; MYRA NG; and WILLIAM NG,**

> Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elaine P. Lujan, District Court Judge**

New Mexico Legal Aid, Inc.
Alicia Clark
Joel Jasperse
Albuquerque, NM

for Respondent

Andrea Christman
Rachael Rembold
Albuquerque, NM

for Petitioner

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** The Department of Workforce Solutions (Petitioner or the Department) appeals, by way of a petition for writ of certiorari, the district court's order in favor of Hailey Leonard (Respondent), concerning unemployment insurance benefits (Benefits). During the pandemic, Respondent applied to the Petitioner for Benefits and was granted Benefits effective March 15, 2020. In August 2022, Petitioner sent a notice of determination claiming that Respondent had received an overpayment of Benefits from March 2020 through September 2020. Respondent appealed the notice, and after exhausting her administrative remedies, Respondent obtained certiorari review in the district court of the final administrative decision. The district court determined that Petitioner's notice of determination was barred by the statute of limitations under NMSA 1978, Section 51-1-4(H) (2011), and ruled in favor of Respondent.

**{2}** On appeal, Petitioner argues that the district court erred in reversing the Secretary of the Department of Workforce Solutions' (the Secretary) determination that Respondent's Benefits would remain denied until she provided the required documentation because the district court incorrectly assumed that the Secretary's determination was an untimely redetermination of Benefits instead of a new determination under NMSA 1978, Section 51-1-38 (2013). We disagree and affirm the district court's decision.

**BACKGROUND**

**{3}** Respondent applied for and received weekly Benefits from March 2020 through September 2020. As required by Petitioner, Respondent submitted weekly certifications regarding whether she had worked during that week and the amount of gross wages she had earned from any employment during that week. With each certification, Respondent reported that she had worked during the reporting period and that she had earned $52.50 in gross hourly wages. Respondent stated that her final certification was filed in September 2020. Her final certification was submitted after her benefits had expired, and after she had returned to work and no longer qualified for Benefits. Respondent filed only one application for Benefits in March 2020, and did not submit any other application for Benefits.

**{4}** Almost two years after the final payment of Benefits, Petitioner mailed Respondent a notice of determination dated August 19, 2022, requesting information regarding Respondent's "correct last employer." According to Petitioner, it "learned" through a "new hire cross match" that Respondent may have failed to report all her earnings to Petitioner while she was receiving Benefits. The notice included a list of overpayment amounts allegedly made to Respondent between March 21, 2020 and November 12, 2020. The total overpayment amount alleged by Petitioner was $12,681. Respondent appealed the claim of overpayment, contending that she received only the Benefits for which she was eligible, she never received the payments listed by Petitioner, and she believed the claim of overpayment was due to error.

**{5}**     The case first went before an Administrative Law Judge (ALJ), who found that Respondent "failed to establish" that she had submitted the required documentation requested by Petitioner, and she had no good cause for failing to do so. Respondent was the only witness at the hearing before the ALJ, no employer and no witnesses for Petitioner appeared at the hearing, and no documentary exhibits were submitted at the hearing. Although Petitioner submitted its file to the ALJ, the ALJ marked Petitioner's file for identification, but did not mark it as evidence and its contents are not part of the administrative record submitted to the district court or this Court. Respondent appealed the decision of the ALJ to the Secretary, and the Secretary summarily affirmed the decision.

**{6}**     Respondent then filed a petition for writ of certiorari in the district court, in part claiming that the statute of limitations barred Petitioner's action in submitting the August 2022 notice of determination. Following review of the record below, the district court reversed the Secretary's decision, holding that Petitioner's notice was barred by the statute of limitations established by Section 51-1-4(H). Petitioner petitioned this Court for a writ of certiorari, which we granted.

## DISCUSSION

### I.     Standard of Review

**{7}**     On appeal this Court "conduct[s] the same review of an administrative order as the district court sitting in its appellate capacity, while at the same time determining whether the district court erred in the first appeal." *Lewis v. City of Santa Fe*, 2005-NMCA-032, ¶ 6, 137 N.M. 152, 108 P.3d 558 (internal quotation marks and citation omitted). In doing so, "[t]his Court applies the same statutorily defined standard of review as the district court." *Miller v. SF Cnty. BCC*, 2008-NMCA-124, ¶ 16, 144 N.M. 841, 192 P.3d 1218. We examine the evidence presented to the Secretary to determine whether: (1) the Secretary acted fraudulently, arbitrarily, or capriciously; (2) based on the whole record, the decision was not supported by substantial evidence; or (3) the action was outside the scope of authority of the agency. Rule 1-077(J) NMRA; *Paule v. Santa Fe Cnty. Bd. of Cty. Comm'rs*, 2005-NMSC-021, ¶ 26, 138 N.M. 82, 117 P.3d 240.

### II.     Statute of Limitations

**{8}**     Petitioner argues that the district court erred in reversing the Secretary's decision that Respondent's Benefits would remain denied because it incorrectly concluded that the Secretary's decision was an untimely redetermination of Benefits under Section 51-1-38(H). Instead, Petitioner argues that the August 2022 notice of determination was a "brand-new determination" on the issue of Respondent's possible failure to report all wages earned and thus not outside the statute of limitations. We disagree.

**{9}**     This question requires us to determine whether the Department's notice of determination was a reconsideration of unemployment benefits under Section 51-1-4(H)

or a new determination of Benefits. We review such questions of statutory construction de novo. *See Tucson Elec. Power Co. v. Tax'n & Revenue Dep't*, 2020-NMCA-011, ¶ 6, 456 P.3d 1085 ("[T]he interpretation of statutes presents a question of law that we review de novo."). "In interpreting statutes, we seek to give effect to the Legislature's intent, and in determining intent we look to the language used and consider the statute's history and background." *Valenzuela v. Snyder*, 2014-NMCA-061, ¶ 16, 326 P.3d 1120 (internal quotation marks and citation omitted). We start by analyzing the plain language and when such language "is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73.

**{10}** Section 51-1-4(H) provides that Petitioner

> may reconsider a monetary determination whenever it is determined that an error in computation or identity has occurred or that wages of the claimant pertinent to such determination but not considered *have been newly discovered or that the benefits have been allowed or denied on the basis of misrepresentation of fact.*

(Emphasis added.) Such redetermination shall not be made "after one year from the date of the original monetary determination." *Id.* Here, the original monetary determination in this case occurred on March 19, 2020, after Respondent applied for Benefits. Respondent did not apply for Benefits a second time. The notice of determination, requesting "information to establish [Respondent's] correct last employer in order to process [Respondent's] unemployment claim," was dated August 19, 2022. The notice implicitly indicated that Petitioner sought to reevaluate the March 2020 notice of determination granting Benefits to Respondent based on new information Petitioner received that Respondent had possibly misreported her wages. There is no way to characterize this effort except as allegations of newly discovered evidence of wages, or misrepresentation by Respondent, both of which are specifically governed by Subsection (H) and its one-year limitations period. *See* § 51-1-4(H). Therefore, the district court correctly held that, as of March 19, 2021, one year from the date of the original monetary determination, the statute of limitations prohibited Petitioner from filing a redetermination.[1]

## III.    Lack of Substantial Evidence

**{11}** The Secretary's decision must also be reversed because it was not supported by substantial evidence. An administrative decision must be supported by the applicable

---

[1]Petitioner cites no statutory provision, or other authority, that would allow the creation of a "new" determination regarding Benefits already paid, thereby triggering a new limitations period, by simply requesting new information from a claimant long after the original limitations period has run regarding those Benefits. We therefore assume there is no such authority. See In re Adoption of Doe, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal.").

law and by substantial evidence in the record as a whole. *Kramer v. N.M. Emp. Sec. Div.*, 1992-NMSC-071, ¶ 5, 114 N.M. 714, 845 P.2d 808. Our review of substantial evidence requires us to review "both favorable and unfavorable evidence to determine whether there is evidence that a reasonable mind could accept as adequate to support the conclusions reached by the fact finder." *Ruiz v. Los Lunas Pub. Schs.*, 2013-NMCA-085, ¶ 5, 308 P.3d 983. In doing so, we "view[] the evidence in the light most favorable to the agency decision, but may not view favorable evidence with total disregard to contravening evidence." *Id.*

**{12}** Here, the basis for Petitioner's overpayment claim appears to have been as follows: Almost two years after Respondent was paid her final Benefits, Petitioner came into possession of information indicating that Respondent may have earned more wages during the March 2020 through September 2020 period than she had reported. Petitioner allegedly sent Respondent a request to provide information so that Petitioner could determine Respondent's "correct" employer and possible wages earned during that period. When Respondent did not provide the information, Petitioner assessed an overpayment claim of over $12,000, not on the merits of the overpayment claim, but simply because Respondent had not provided the information Petitioner had demanded.

**{13}** Petitioner's evidentiary showing at the administrative hearing was deficient. Petitioner claimed that Respondent failed to provide requested documentation regarding "potential wages she had earned" while collecting Benefits. The notice of determination dated August 19, 2022, states that Petitioner's office "requested information to establish [Respondent's] correct last employer in order to process [Respondent's] unemployment claim." However, Petitioner produced no evidence to support its claim that it had requested information from Respondent prior to sending the notice. There is no copy of a letter to Respondent requesting such information, or other evidence of any communication with Respondent before the notice of determination claiming an overpayment of over $12,000. Moreover, Respondent testified that she had provided Petitioner with the necessary information about her employer and her wages during the initial determination. Furthermore, our review of the administrative record, including the transcript of the hearing, confirms the answer brief's assertions concerning the lack of any evidence to support the Department's assertion that Respondent had been paid Benefits to which she was not entitled. These evidentiary deficiencies were pointed out in Respondent's answer brief filed in this Court. Notably, Petitioner did not file a reply brief that could have attempted to contradict Respondent's factual assertions in the answer brief. We therefore may accept the answer brief's assertions as true. *See Delta Automatic Sys. Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (treating the failure of reply brief to respond to an issue specifically addressed in answer brief as a concession). Our review of the administrative record, including the transcript of the hearing, confirms the answer brief's assertions concerning the lack of any evidence to support the Department's assertion that Respondent had been paid Benefits to which she was not entitled. Thus, there was no evidence that Respondent failed to answer any request for information submitted to her by Petitioner.

**CONCLUSION**

**{14}**   Therefore, based on our review of the whole record, we hold that the Department's decision was not supported by substantial evidence, and its redetermination of Benefits under Section 51-1-4(H) fell outside the statute of limitations and were thus outside the scope of its authority. *See* Rule 1-074(R) NMRA; *Paule*, 2005-NMSC-021, ¶ 2. We affirm the district court's decision and reverse the Secretary's determination.

**{15}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**